No. 2204.—Robert Moss *v.* Howard, Prestons & Barrett and H. D. Barrett.

In a suit to recover the difference between the price agreed upon for the sale of a lot of cotton and the price which it actually brought (the first sale having failed of completion), the vendor must show that he complied with every requisite and condition on his part, and that the cause of the failure to complete the first sale was attributable entirely to the vendee, failing in which he can not recover the difference from the first vendee.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *James Harrison* and *D. C. Labatt*, for plaintiff and appellant. *E. Wooldridge*, for defendants and appellees.

Taliaferro, J. The plaintiff alleges that he sold to defendants ninety bales of cotton to be paid for in cash upon delivery at thirteen and one-fourth cents per pound; that in compliance with his part of the engagement, he produced the cotton at the time and place stipulated for the delivery, when defendants refused to pay for it according to the contract; that the plaintiff, after making a tender of the cotton to defendants and their refusal to receive and pay for it, caused it to be sold in New Orleans soon afterwards, the price having declined, and received for it $1055 87 less than he would have realized upon it had the defendants complied with their obligation to receive and pay for it at the price agreed upon. The plaintiff therefore brings this suit to recover that sum, with legal interest from judicial demand.

The answer is a general denial. The defendants aver the original contract with the plaintiff in relation to the cotton was subsequently changed into a new one, by which it was agreed that for ninety bales of cotton, at the price stated, the plaintiff agreed to receive a draft on their house in New Orleans at three days' sight; that a draft for $5352 86 was given to the plaintiff, drawn payable to his own order as required, and that the plaintiff refused to deliver the cotton, thereby violating the contract on his part. The defendants claimed the resolution of the contract and the restitution of the draft, and aver that the contract is null and void.

Judgment was rendered for the defendants, rejecting the plaintiff's demand, with costs. The plaintiff appealed from the judgment.

From the evidence, we gather that an engagement was entered into between the parties by which the defendants bought the entire crop of the plaintiff, which was supposed would amount to about one hundred bales or upwards, but which turned out to be ninety bales. The cotton was to be brought to Edwards Station, on the railroad, thence to. be transported to Vicksburg, weighed and paid for at the price of thirteen and one-fourth cents per pound. The money was to be sent by express from New Orleans to Vicksburg, and the price paid down when the weight of the cotton was ascertained. It seems that H. D. Barrett, one of the firm of Howard, Prestons & Barrett, and the

59

witness, M. Duffie, were at that time in Hinds county, Mississippi, attending to business of the firm, when this contract was entered into between H. D. Barrett and the plaintiff, Moss. Barrett, under date of nineteenth November, 1867, wrote from Edwards Station to Messrs. H. Wright & Co., of Vicksburg, stating the contract as it seems it was originally made, and then adds: "Since then I met him here (meaning Moss), and he said he wanted the matter closed up when the cotton was weighed in Vicksburg. * * * See to the weighing of the cotton, and when you have done this, see what it amounts to at thirteen and one-fourth cents per pound, then give him a draft at three days' sight on our house in New Orleans for the amount." This letter, it appears, was sent to Vicksburg by the plaintiff himself.

The witness, Green, of the house of Wright & Co., says: "When the cotton was brought by Mr. Moss to Vicksburg, I soon discovered that some misunderstanding existed between the parties about the draft on the house offered him in payment of the cotton. Moss refused to let the cotton go forward until the draft was paid. No money was tendered to him. I sent the draft to New Orleans to be collected for account of Mr. Moss, and wrote the facts to Mr. Barrett." To this letter Barrett answered, twenty-first November: "Yours of the twentieth to hand. You ought not to have given Moss the draft, as he withheld the cotton and refused to deliver it. You will please telegraph your house at New Orleans at once not to present the draft for acceptance, but to return the same to you, and you will inclose my letter to Mr. Duffie, who will talk with you about the matter."

The plaintiff shipped the cotton to the house of Summers & Branin, who received it on the twenty-ninth November, 1867, and sold it on the second December following. By directions, however, of the plaintiff, the cotton was first tendered to the defendants under the contract made by them with the plaintiff, and refused.

It is contended on the part of the plaintiff that he at no time agreed to give possession of the cotton to any one until he received the money. This is the substance of the plaintiff's own testimony. But he is not, we think, sustained in this position by the evidence at large. We think it pretty clear that the other party understood the last agreement made about the cotton to mean that upon its weight being ascertained at Vicksburg it was to be delivered to them, when they were to give the draft at three days' sight. The plaintiff indorsed the draft, but he assumed the right under the agreement, as he interprets it, to retain possession of the cotton until assured of its payment.

Mahone, the only witness who it appears was present when the contract was entered into, says: "When the trade was first spoken of, Mr. Barrett agreed to have the money expressed either to Edwards' Depot or to Vicksburg, but afterwards a draft was proposed and ac-

cepted." * * * "The cotton was to be weighed at Vicksburg and the settlement to be made by them, and Barrett was to give him a draft on Howard, Prestons & Barrett, New Orleans, for the money." * -* * "Defendants were to have possession of the cotton without delay, that it might be sent forward."

We must conclude that such was the purport of the agreement between the parties. We find nothing that, in our opinion, justifies the belief that the plaintiff was to retain possession of the cotton until the draft was paid. The plaintiff having failed to comply with his part of the agreement, the defendants were absolved from the obligation to pay the price, and the plaintiff's action fails.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.