LAND, ,T.
Plaintiff sued the defendant to recover the sum of 8820.65, with legal interest from November 14, 1907, on the theory that the defendant, as vendor of 112,000 bricks which proved unsuitable for building purposes, was bound in warranty to return the price and the cost of moving and inspecting the same, and, in the alternative, that the defendant had specially promised and obligated himself to make good the said bricks and restore the purchase price, if not found to be suitable.
It appears from the allegations of the petition that the defendant, was chairman of a local committee appointed by the plaintiff board for the purpose of contracting for the building of a sehoolhouse; that said committee contracted with one Coty for the burning of a kiln of bricks; that defendant, representing Coty, by his casting vote as chairman, passed a resolution accepting 112,-000 bricks at 86 per thousand, and that the plaintiff board honored the warrant of the committee for the price of the bricks, but subsequently discovered that the bricks were unsuitable for building purposes.
The district court found that the defendant was not the*seller of the bricks, and that the evidence as to the percentage thereof suitable for building purposes was too vague and indefinite to warrant a judgment for any specific amount on the alleged special guaranty.
The Court of Appeal concurred in the view that the defendant could not be held on the alleged guhranty, but found from the evidence that the bricks were wholly unfit for the purposes for which they were intended, and that the defendant had knowingly accepted from the contractor bricks of such an inferior quality as to be valueless, and had used the money of the plaintiff board to pay a debt which the contractor owed him equal in amount to the contract price of the bricks. The Court of Appeal, inter alia, said:
“Well, this is practically what the defendant did. He had the decisive vote on the committee, and cast it in favor of himself, in spite of the fact that he was aware of the wise provisions of the contract with Coty designed to guard against an inferior quality of brick being foisted on the board, when he knew, or ought to have known, that the bricks would not measure up to the standard provided by the contract, and as a result of his conduct the board has suffered a clear loss of the amount paid for the bricks.
“He occupied a position of trust. He was the quasi agent of the board, and the law exacted of him the highest degree of fidelity to his trust and loyalty to his principal.”
The Court of Appeal assigned as additional reasons that the defendant, having advanced to Coty, the contractor, sums of money exceeding in the aggregate the total price of the bricks, represented to two members of the committee that he owned the bricks and that Coty had nothing further to do with the transaction, and thereby induced them to sign *811 a warrant for the money under the belief that the defendant was the responsible party in interest and would make good any difference in the quality of the bricks. On this state of facts, the Court of Appeal held that the defendant was estopped to deny that he stood in the shoes of Coty.
The Court of Appeal further held that the defendant’s plea of want of previous tender was bad, for the reason that the plaintiff board had never accepted the bricks, which under the contract were to be delivered to and accepted by the contractor for the building of the schoolhouse.
The Court of Appeal reversed the judgment of the district court, and rendered judgment in favor of the plaintiff for $672, with legal interest from judicial demand. By this decree the claim of the plaintiff for $140, paid for inspecting, separating, and moving the bricks, was rejected, and the defendant was held liable only for the sum paid for the bricks and received by him as a creditor of Coty, the contractor.
The ease comes before us on a writ of review. The defendant assigns as error of law that the Court of Appeal erred in applying the doctrine of estoppel, in the absence of a special plea raising such an issue.
This court has held that, replications not being permitted by the Code of Practice, it is not necessary to plead estoppel in avoidance of defenses set up in the answer. Keystone Life Insurance Co. v. Von Schlemmar, 122 La. 280, 47 South. 606.
Defendant further assigns as error that the evidence does not show that the plaintiff board has offered to return the bricks received under the contract with Coty.
The defendant did not plead the want of previous tender in his answer, but specially denied that he had, or ever had, any interest in the bricks in question. The plaintiff board paid for the bricks in error of fact, and, as soon as it was advised of their inferior quality, repudiated the action of the defendant and the committee in the premises. Moreover, under the contract with Coty, the bricks were to be delivered to and accepted by the building contractor.
Under our view of the case, it was not necessary to decide the questions of _ estoppel and want of previous tender.
The evidence, received without objection, warranted the judgment against the defendant as agent or trustee of the plaintiff board. Not only was there no objection to the evidence as not corresponding with the allegations of the petition, but the defendant and his witnesses testified to all the facts and circumstances of the case.
“Where the evidence substantially establishes plaintiffs right to recover, judgment will be rendered in his favor, though he have mistaken his rights in the petition, or though the evidence do not correspond with the allegations, when such evidence is received without objection and defendant is not taken by surprise.” Hennen’s Digest, vol. 1, p. 781, No. 3.
The building committee, of which the defendant was the chairman, was the agent of the plaintiff board, and as such was responsible to their principal for damages resulting from the nonperformance of their duty, or from unfaithfulness in their management, or from their fault or neglect. Civ. Code, arts. 3002, 3003. The bricks being unsuitable for the purposes intended, the committee was in fault for warranting on the plaintiff board for the contract price, and the defendant, having unduly received the proceeds of the warrant as a creditor of the contractor, is bound in law and equity to make restitution to his principal.
It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that the defendant pay the costs of this proceeding.