OPPENHEIMER v. BOBB

(February 25, 1929. Opinion and Decree.)

Milling, Godchaux, Saal & Milling, Leon H. Rittenberg, of New Orleans, attorneys for plaintiff, appellant.

Bond, Curtis, Hall and Foster, of New Orleans, attorneys for defendant, appellee.

JONES, J. Plaintiff sued defendant on December 1, 1925, for $570.00 alleged to be due under a contract, the pertinent parts of which read as follows:

"The following 'Agreement' or 'Contract' is made between Fred Oppenheimer of New York City, party of the first part, and Julian S. Winehill, M. A. Sherick, W. F. Williams and Wm. P. Bobb, all of the city of New Orleans, La., parties of the second part.

"Clause No. 1: Fred Oppenheimer, party of the first part, agrees to sell, assign, transfer and deliver to Julian S. Winehill, M. A. Sherick, W. F. Williams and Wm. P. Bobb, parties of the second part, the formula now known as Polly Klean together with all information and data necessary for its manufacture, for and in consideration of One Thousand Dollars of Preferred (7%) Stock in the Standard Manufacturing Co., Inc., of New Orleans, La.

"Clause No. 2: Julian S. Winehill, M. A. Sherick, W. F. Williams and Wm. P. Bobb, parties of the second part agree to guarantee for a period of Ten (10) years to Fred Oppenheimer party of the first part, seven per cent (7%) annually on the One Thousand Dollars of Preferred Stock in the said Standard Manufacturing Co., Inc., in lieu of no dividend being declared on said Preferred Stock in the name of Fred Oppenheimer party of the first part.

"Clause No. 3: Fred Oppenheimer, party of the first part, further agrees to accept and the parties of the second part agree to pay at the expiration of Ten (10) years from date of this agreement, or such time before that, that the said Julian S. Winehill, M. A. Sherick, W. F. Williams and Wm. P. Bobb, parties of the second part may offer, a cash payment of Two Thousand Dollars for which Fred Oppenheimer, party of the first part, agrees to surrender the One Thousand Dollars of Preferred Stock in the Standard Manufacturing Co., Inc., of New Orleans, La., together with all rights, and claims that the said Fred Oppenheimer may have in the said Standard Manufacturing Co., Inc., and the said formula known as Polly Klean."

After alleging delivery of the formula, plaintiff states that no preferred stock in the Standard Manufacturing Company had ever been delivered to him, and that said stock was worthless as the company had been liquidated. Of the amount demanded, $500.00 is claimed as one-fourth of the principal sum which the four obligors had promised, and $70.00 is claimed as interest due from December 9, 1920, up to December 9, 1924, the interest up to the former date having been paid, according to allegations, under a judgment between the same parties in suit No. 136,971 of the Civil District Court, Parish of Orleans. To this petition defendant filed the following exceptions:

"And now into Court through his undersigned counsel comes William P. Bobb, and excepts to plaintiff's petition on the ground that same discloses the same parties, the same cause of action and the same thing demanded as were involved in the proceeding entitled Fred Oppenheimer versus William P. Bobb, No. 157330 of the docket of the Honorable Court; that in said proceedings there was a judgment in favor of defendant, exceptor herein, dismissing plaintiff's suit; that said judgment was rendered on May 11, 1925, and has never been appealed from, and respondent pleads same as res adjudicata of the issues involved herein.

"In the alternative, respondent excepts on the ground that plaintiff's petition discloses no cause or right of action.

"Wherefore, respondent prays that these

exceptions be maintained and plaintiff's suit be dismissed at his cost."

The trial judge, without passing on the former, maintained the latter exception and dismissed the suit. Plaintiff has appealed and defendant has answered the appeal asking that the exception of res adjudicata be maintained in this court.

Attached to the record in this case is the record in suit No. 157,330 of the docket of the Civil District Court between the same parties referred to in the exception. Objection is made to our consideration of this record because it was not offered in the court below.

This objection is answered by the statement that such offer was unnecessary, as each division of the Civil District Court takes judicial notice of all the records filed in the other divisions, all being branches of one court. However, we do not find it necessary to pass upon this point, as the decision of the trial judge on the exception of no-cause of action is sustained by the record.

Plaintiff states that the guarantee of dividends is to take effect from the date of issuance of the preferred stock, and, as no stock was ever issued, or issuance thereof demanded by Oppenheimer, the guarantee never came into being. If Bobb had ever done any act which prevented the issuance of this stock, or if Oppenheimer had ever demanded it, the situation would have been different, but there is no such allegation here. This petition was very carefully drawn and presumably contained every possible allegation on account of dismissal of the former suit by Judge Parker, who maintained a like exception.

Furthermore, if Bobb breached his contract by failing to deliver the stock, his breach was passive only, and the allegation of a putting in default was absolutely necessary:

Revised Civil Code, Articles Nos. 1906, 1910, 1912, 2122, 2126.

Pratt vs. Craft, 19 La. Ann. 130.

Hart vs. Adler, 19 La. Ann. 302.

Defee vs. Covington, 37 La. Ann. 661.

Livingston vs. Scully, 38 La. Ann. 781.

Darragh vs. Vicknair, 126 La. 171, 52 So. 264.

Blodgett Const. Co. vs. Board of Commissioners, 153 La. 623, 96 So. 281.

The obligation of Bobb and his associates was to pay 7% on the stock if no dividends were declared on it, but there is nothing in the petition to show whether or not dividends have ever been declared. The only allegation is that the stock was worthless (some eleven years later, when petition was filed). In order for plaintiff's claim for the repurchase price to be valid, he must allege willingness on his part to deliver the stock, or show some just reason for his failure to do so.

Clearly, this is not a case arising from insufficiency of allegation, and it would serve no useful purpose to remand the suit, as the same claim has already been before the court in two different suits.

In argument, plaintiff's attorney admitted plaintiff had stated all that he could possibly state to set out his cause of action, and it would serve no useful purpose to remand the case for further amendment.

For above reasons the judgment is affirmed.