Plaintiff, claiming to be the owner of a particularly described tract of land embracing some 140 acres in Avoyelles Parish, Louisiana, brought this suit to recover damages from defendants arising from their trespassing upon, and the unlawful cutting and removing of trees and logs from, the said property. Plaintiff caused to be issued a writ of sequestration under which a number of hardwood logs in and upon the mill yard of one Mirth Dupuy were seized. The said Dupuy intervened in the suit, claiming ownership of the logs seized and further claiming damages arising by reason of the alleged illegal seizure. Defendants answered plaintiff's petition in the nature of a general denial. Intervenor having filed a rule to dissolve the writ of sequestration, by agreement, the same was referred to hearing on the merits. After trial on the merits, but before judgment, the writ of sequestration was ordered dissolved. Finally there was judgment in favor of defendants dismissing plaintiff's suit *Page 118 
and in favor of intervenor against the plaintiffs for damages in the total sum of $882.62. From this judgment plaintiff has appealed.
The facts which may be regarded as definitely established show that in or about the month of October, 1947, plaintiff, Dr. Ralph C. Cailleteau, receiving information that timber was being cut from his woodland property in Avoyelles Parish without his knowledge or permission, made a trip of inspection to his property. Finding that a considerable amount of hardwood timber had been cut in the vicinity, and believing some of the unauthorized cutting to have been on his property, plaintiff ordered the defendants, whom he found in the woods loading and hauling logs, to desist from their activities. Plaintiff procured the services of the Parish Surveyor, Edward B. Messick, who made a survey of the property designated by plaintiff on October 6, 1947. Subsequently, having determined that the plat which formed the basis of his survey was incorrect, Messick made a second survey, the exact date of which is not fixed, but appears to have been some three weeks subsequent to the date of the first survey. The second survey, which unquestionably is accurate, and which was made on the basis of information procured from abstracting the title, showed plaintiff to be the owner of only 40 acres of land in place of the amount of 140 acres, to which he asserted ownership. On November 25, 1947, plaintiff filed this suit, claiming damages in the sum of $2,200 as against the named defendants, Foster Bordelon and Edwin Gagnard. Defendants answered the suit on April 2, 1948, and on the same date Mirth Dupuy, owner and operator of the millsite on which 9,314 board feet of hardwood logs had been seized pursuant to the writ of sequestration, filed his petition of intervention. In said petition intervenor claimed the ownership of the hardwood logs under seizure, alleging that they had been cut and removed from property owned by one Dalton Laborde, and further claiming damages from plaintiff, by reason of the alleged illegal seizure, of the manufactured value of said logs, less the cost of manufacture and salvage. Intervenor further claimed the sum of $500 as damages to his millsite as the result of an infestation of bugs originating in the logs which had deteriorated by reason of lying in his mill yard over a long period of time, and which he could not manufacture into lumber because of the seizure by plaintiff under writs of sequestration.
On April 12th intervenor filed a rule for dissolution of the writ of sequestration, which, as above noted, was subsequently referred to trial on the merits. Trial was had on May 28, 1948, and, by order of the district court on June 1st, the writ of sequestration was dissolved. Judgment on the merits was rendered and signed on July 2, 1948.
It is to be observed that the damages claimed by plaintiff in his petition amount to $2,200, which would clearly appear beyond the jurisdictional limits of this court. Defendants and intervenor have moved to dismiss the appeal on this ground, and plaintiff has countered with a motion to enter a remittitur in the sum of $1,000.
The motion to remit comes too late inasmuch as such action is required to be taken prior to judgment. Spector v. Union City Transfer, La. App., 182 So. 524, and cases cited therein.
However, plaintiff's counsel suggests in his motion for a remittitur that the damages claimed were exaggerated and inflated. Even without this admission the exaggerated amount of plaintiff's claims for damages would be obvious to the court. It is well settled that the real and not the fictitious, inflated or exaggerated amounts of demands determines the jurisdiction of the Court of Appeal. Westfall v. McCullough, La. App., 187 So. 839, and cases cited therein.
In view of the fact that a reasonable basis for plaintiff's demands for damages would unquestionably be well within the jurisdiction of this court, the motion to dismiss is denied.
On the merits of the appeal before this court plaintiff stoutly contends that defendants cut and removed timber from his property. In our opinion the record does not bear out this contention. It is true that plaintiff himself testified to the cutting and *Page 119 
removal of timber from his property, but it is evident from a study of his testimony that this was a conclusion which was not properly supported by facts of any substantial probative value. The attempt was made to corroborate this testimony by other witnesses, but their statements were so vague and indefinite that they cannot be regarded as sufficient upon which to base a judgment in plaintiff's favor.
As against plaintiff's testimony, we have not only the denial of the defendants themselves, but the testimony of the surveyor, who was on the ground and who actually counted the approximate number of trees cut on the tract surveyed under several ownerships, and who testified that he did not note any timber cut from the 40 acre tract established as being under plaintiff's ownership.
We can only conclude that plaintiff has failed to make out his case with sufficient certainty by a preponderance of the evidence. Inasmuch as the distinguished judge of the district court obviously reached the same conclusion, and since we perceive no manifest error in the judgment rejecting plaintiff's demands, to this extent the judgment must be affirmed.
There remains for our determination the matter of the allowance of damages in favor of intervenor, which presents a much more difficult proposition. Counsel for plaintiff, before this court, urges that intervenor was without right to claim damages in this proceeding, contending that intervenor's rights are limited by law to the assertion of his ownership of the property seized. We have carefully examined the authorities cited in brief of plaintiff's counsel, but do not find that they bear out the argument advanced. On the contrary we think it is clear under the provisions of Article 364 of the Code of Practice that an intervenor is specifically authorized to incorporate demands incidental to the main suit. The holding in Blodgett Construction Company v. Board of Commissioners,153 La. 623, 96 So. 281, appears to us to be squarely in point as authority for this conclusion.
We are therefore of the opinion that intervenor properly included his claim for damages arising from the sequestration of property of which he claimed ownership.
We come finally to the question of quantum. The testimony establishes the fact that 9,314 board feet of logs located on intervenor's millsite were seized under the writ of sequestration. Intervenor testified that he owned these logs by right of purchase from the defendants with the exception of 2,000 feet for which he had not paid. The testimony also definitely establishes the fact that intervenor paid $5 per thousand stumpage, and $22 per thousand for cutting and hauling, which fixes his total cost at $27 per thousand.
Intervenor claims $125 per thousand on the basis of the value of manufactured lumber, subject to a deduction of $35 which he estimated as the cost of manufacturing. Intervenor further admitted the salvage value of the logs at $20 per thousand. Based upon these calculations intervenor, in effect, claimed damages at $70 per thousand on 9,314 board feet of lumber. This conclusion accords, with something approaching exactness, the sum of $682.62, which was allowed in the judgment below as the value of logs and profits.
Additional damages in the amount of $500 were claimed by intervenor on the basis of infestation of his millyard by bugs from the deteriorating logs under seizure. On this item the district judge allowed the principal sum of $200.
We are forcibly impressed by certain factors which enter into consideration on the question of the amount of damages and which are apparent upon study of the recapitulation of facts which we have set forth in the beginning of this opinion.
Intervenor suffered a period of more than four months to elapse before filing his petition of intervention setting up his ownership of the property seized. In his said petition he claimed the exact nature, degree and extent of deterioration, and the same character and nature of infestation by bugs, and alleged the basis and the amounts of his damages in the same sums to which he testified on the trial of the case which was had some seven weeks subsequent to the filing of his petition. Undisputed testimony in the record further shows that *Page 120 
counsel for plaintiff suggested to intervenor that he bond the property and advised that a bond in the sum of $100 would be acceptable to plaintiff. Intervenor unequivocally refused to act upon this suggestion.
The question naturally arises as to intervenor's right to extensive damages when, under the circumstances related, the damages have resulted from his own fault and neglect.
It is a general and well established rule that a party to litigation is not entitled to damages which he has suffered to accrue when it was within his power to minimize the harm or injury to which he was exposed.
Under the facts of this case it is clear that intervenor, by taking proper steps, at any time after the seizure of the logs responsive to the writ of sequestration, could have taken possession of the logs, manufactured them into lumber and sold the manufactured lumber at the market price. This would unquestionably appear to have been the prudent and businesslike course which, if followed, would have preserved intervenor harmless against the damages he now claims.
Instead of taking any steps for his own protection intervenor waited until the logs had deteriorated, and, as an incident to such deterioration, caused his millsite to become infested with bugs before he asserted his ownership contradictorily with plaintiff through the filing of his petition of intervention. Under the circumstances we cannot help but feel that intervenor has himself been responsible for the damages which he has suffered. Despite this conclusion we are not disposed to hold plaintiff free of all liability. Unquestionably, intervenor has established his payment for stumpage, cutting and hauling, amounting to a total of $27 per thousand on 7,314 feet of logs. From this total should be subtracted the salvage value which intervenor fixed at $20 per thousand, leaving a net of $7 per thousand which, in our opinion, represents the extent of intervenor's right of recovery.
For the reasons assigned the judgment appealed from is amended to the extent of granting judgment in favor of intervenor, Mirth Dupuy, and against the plaintiff, Ralph C. Cailleteau, in the sum of $51.20 as damages, together with legal interest thereon from date of judicial demand until paid, and, as amended, the judgment is affirmed. Costs of this appeal are assessed against intervenor.