LAND, J.
This is a suit for damages for personal injuries bottomed on allegations that John Parker, a minor son of the plaintiff, while a passenger on a moving train of ■defendant company, was brutally assaulted and knocked therefrom by the servants of said corporation, with the result that the right arm of the said John Parker was crushed by the wheels of the cars, and was subsequently amputated.
Defendant, for answer, after pleading the general issue, specially denied that John Parker was a passenger on the alleged train, and averred that said train did not and was not permitted to take passengers. Defendant further averred as follows, to wit:
“If the alleged John Parker was injured by the train alleged, it was the result of his own act in riding or attempting to ride on the train as a trespasser and against the rule and regulation of the company, and that he was injured by his own want of care, and that he, by his own negligence, was the sole cause of his injuries, and, if not caused wholly by his own fault, then, in the alternative, that he contributed to the same by riding or attempting to ride on a moving log train without permission properly and legally obtained from any one in authority to grant the same, and was not injured by any acts of any one by authority of the defendant company.”
The case was tried and there was judgment in favor of the defendant company, from which plaintiff has appealed.
John Parker was the only witness produced on behalf of the plaintiff to prove his alleged wrongful ejectment from the train, .which was used for the sole purpose of transporting logs. This witness, a young colored man 19 years of age, who had been employed in railroad track work, testified that he paid his fare on the train, and made the arrangement to ride with the conductor, and that he was pushed off the train by a brakeman, also colored, who came off the caboose. The conductor, white, contradicted John Parker as to the payment of fare or any other arrangement for his riding on the train, and further testified that, if Parker had been standing on the end of the flat car next to the caboose, he would certainly have seen him.
The rear brakeman testified that he was at the time of the alleged ejectment in the cupola of the caboose, did not see any one on the next flat car, and did not push or shove John Parker from the train. Both testified that they had no knowledge of the alleged accident or that any outside person was riding on the train. Both testified that at the last stopping place a colored man was found riding among the logs, and was ordered to get off, and did so. John Parker testified that three other men. whom he knew, got on the train at the same time, and were standing with him on the same ear when he was pushed off. Not one of the three testified on the trial, and the record does not explain the omission to call them. How John Parker and three other men could have been standing on the flat car, within three feet of the door of the caboose, and yet have escaped the observation of the conductor and the rear brakeman, is a mystery not explained by the evidence.
The argument that the testimony of John Parker is not necessarily contradicted by the testimony of the witnesses for the defendant, because he may have been ejected by the front brakeman, finds no support in the record, because John Parker himself describes the brakeman referred to in his testimony as “the one (who) broke behind.” It *95 may be added that the testimony of the witnesses' for the defendant, if true, excludes the hypothesis that John Parker was thrust or thrown from the train by any one. The fact that John Parker’s arm was crushed by the, car wheels does not prove that he waá ejected by violence from the moving train. There are other hypotheses that may account for such injury to a trespasser seeking to ride on a logging train.
The statement of counsel that the district judge decided the case, not on the facts, but on a question of law, does not appear from the record. In our opinion the plaintiff failed to make out his case by a preponderance of the evidence, and this conclusion leaves no question of law for determination.
Judgment affirmed.