(54 South. 289.)

No. 18,177.

SILVERMAN v. CADDO GAS & OIL CO.

(Jan. 30, 1911.)

*(Syllabus by the Court.)*

SALES (§ 174*)—BREACH—RIGHT TO DAMAGES.

A party cannot claim damages for the nonperformance of a contract as to which he himself is in default.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 174.*]

Appeal from the First Judicial District Court, Parish of Caddo; A. J. Murff, Judge.

Action by Randall Silverman against the Caddo Gas & Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Pugh & Fullilove, for appellant. Alexander & Wilkinson, for appellee.

LAND, J. This is a suit to recover damages for an alleged breach of a contract to deliver 100,000 barrels of oil. Defendant, after pleading the general issue, averred that the plaintiff had not complied with the contract on his part, had admitted his inability to handle the oil, and was thereupon released from the contract. For further answer defendant pleaded in the alternative, that, if said contract was not abrogated or abandoned, the plaintiff himself was in default for not paying the sum of $858.20 for oil delivered, and, therefore could not put defendant in default, nor demand further shipments.

Judgment was rendered in favor of the defendant. Plaintiff has appealed.

The evidence as to the abrogation or abandonment of the contract is conflicting, and we will, therefore, first consider the question of default.

On the trial of the case the plaintiff admitted that he owed the defendant about $900 for oil delivered, and that he had refused to pay a draft of the defendant for the amount due. Plaintiff further testified that the only offer to pay made by him was set forth in his correspondence with the defendant. In his letter of April 10, 1909, plaintiffs said:

"You have already delivered me about 12 or 15 cars of oil, 7 or 8 of which I have not yet remitted to cover, for the reason that you have taken the positive position that you no further recognized the contract of any force or effect. I now beg to advise you that I am prepared and ready to pay for all the oil you have delivered or that you may deliver to me in the future on receiving from you assurances that you recognize my contract and will fulfill it."

It seems that, after writing this letter, the plaintiff refused to pay defendant's draft for $858.20 for oil delivered up to March 31, 1909.

Conceding for the purposes of argument that the defendant was in default, yet the contract being commutative, the plaintiff was bound "to offer or perform, as the contract requires, that which on his part was to be performed, otherwise the opposite party will not be legally put in default." Civ. Code, art. 1913. The amount of $858.20 was due by the plaintiff under the contract, but he withheld the money in order to force the defendant to acknowledge performance on his part. Plaintiff not only did not offer, but refused, to pay.

To recover damages the plaintiff must begin by showing that he has complied with the terms of the contract. Shreveport Cotton Oil Co. v. Friedlander, 112 La. 1059, 36 South. 853. The syllabus in Sitman & Burton v. Lindsey, 123 La. 53, 48 South. 646, succinctly states the law as follows:

"Where a buyer of lumber failed to pay for it as provided by the contract, and the seller stopped delivering after endeavoring in vain to collect the overdue payments, the buyer could not recover damages for the seller's refusal to further perform, since under Civ. Code, art. 1915, a party cannot claim damages for the nonperformance of a contract as to which he himself is in default."

Judgment affirmed.