The trial judge saw no merit in plaintiff's claims, and we see no error in his conclusions.

### Decree.

The judgment appealed from is therefore affirmed.

---

(115 So. 270)

No. 26777.

## SOUTHERN TIE CO. v. G. W. SIGNOR TIE CO.

Nov. 28, 1927.   Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. Sales ⬦174—Buyer of cross-ties refusing to make required payments cannot recover as for breach of contract for subsequent failure to make deliveries.

Where buyer under contract for cross-ties refused to make payments for ties delivered to it as required by contract, it might not recover as for breach of contract because seller thereafter failed to make deliveries.

2. Sales ⬦342—Seller held entitled to recover contract price of delivered cross-ties, regardless of its default after payment became due.

Seller of cross-ties had right to recover contract price of those delivered to buyer, regardless of whether it defaulted in deliveries after payment became due.

Appeal from First Judicial District Court, Parish of Caddo;  J. H. Stephens, Judge.

Suit by the Southern Tie Company against the G. W. Signor Tie Company, which reconvened.   Judgment denying recovery to either party, and plaintiff appeals, and defendant answers the appeal and prays for an amendment of the judgment.   Judgment amended, and, as amended, affirmed.

Henry & Cooper, of New Orleans, and Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Pugh, Grimmet & Boatner, J. N. Marcantel, and Fred Simon, all of Shreveport, for appellee.

LAND, J.  [1] On April 13, 1916, plaintiff company entered into a contract with defendant company, under the terms of which defendant agreed to sell and plaintiff to buy a minimum of 50,000 white oak cross-ties, at the price of 60 cents per tie, to be delivered by December 1, 1916.

Only 6,523 cross-ties were delivered by defendant to plaintiff prior to December 1, 1916.

Instead of demanding, after that date, the dissolution of the contract with damages, plaintiff elected to continue the same beyond the date fixed in the contract for the delivery of the cross-ties, and accepted 3,603 cross-ties delivered on December 16, 1916, and on February 2, 1917.

Plaintiff has brought the present suit for damages in the sum of $7,051.96 for the breach of the contract by defendant.

Alleging that plaintiff cannot be permitted to recover damages in this case, on the ground that plaintiff was in default as to the payment of $620.40 due for part of the cross-ties delivered, defendant has reconvened and claims judgment for the balance due with interest from the date of the filing of its answer, October 8, 1919.

The demands of plaintiff and of defendant were rejected in the court below. Plaintiff has appealed, and defendant has answered the appeal, and prays for an amendment of the judgment, by decreeing judgment in favor of defendant for the amount claimed in reconvention with legal interest.

Plaintiff company does not deny that, at the date of the institution of this suit, June 27, 1919, it owed defendant company a net balance of $405.90 for part of the cross-ties purchased and delivered. These were cross-ties shipped to plaintiff company in February, 1917.

Plaintiff's attention was called to its default as to payment of balance due in a letter of date September 4, 1917, written by defendant to plaintiff.

Under the terms of the contract of April 13, 1916, it was agreed:

"Payment to be made on receipt of inspection report at our New Orleans office, less a loading charge of 3 cents per tie and freight to New Orleans."

The only reason assigned by plaintiff company for its failure to pay the amount due defendant company is:

"That balance was not paid, because after March, 1917, they (defendant company) practically served notice on us that they were not going to furnish any more ties."

In other words, plaintiff company anticipated a suit for damages against defendant company, and expected to offset pro tanto, with the damages recovered, the amount due by plaintiff to defendant.

However, this was a futile reckoning on the part of plaintiff. A plaintiff cannot recover damages for delay in the performance of a contract to deliver cross-ties, where he has refused to make payments according to the terms of the contract.

"To recover damages, the plaintiff must begin by showing that he has complied with the terms of the contract." Silverman v. Caddo Gas & Oil Co., 127 La. 928, 54 So. 289; Murphy v. Southern Mineral & Land Improvement Co., 130 La. 914, 58 So. 766; Blodgett Const. Co. v. Board of Com'rs, 153 La. 623, 632, 96 So. 281.

[2] Whether defendant company was or was not in default is immaterial, since the claim of said company is not for damages, but for a debt due it for cross-ties sold and delivered to plaintiff company.

It is ordered that the judgment appealed from be amended by decreeing that there be judgment in favor of the defendant, G. W. Signor Tie Company, on its reconventional demand, in the sum of $405.90, with 5 per cent. per annum interest on said sum, from October 8, 1917, until paid.

It is now ordered that the judgment appealed from, as amended, be affirmed, and that the plaintiff, Southern Tie Company, pay the costs in this court and in the lower court.