THOMPSON, J.
 

 This is a suit for $2,-030 for salary and commission as manager of the retail shoe store of the defendant situated in this city.
 

 The petition alleges that plaintiff was employed in July, 1923, for the balance of said year at $30 per week, and one per cent, commission on the sales; that he was paid said salary and commission for the said term; and that at the end of the year he was employed for the year 1924 at the same salary and the same rate of commission.
 

 It is further alleged that plaintiff was paid the salary and commission for the month of January, but that on the 9th of February, 1924r he was summarily discharged without any good cause.
 

 The defendant, in answer, admitted the employment of the plaintiff at the salary and commission as stated by the plaintiff, but alleges that the employment was by the week, with the right to discharge plaintiff at the end of any week.
 

 It is further alleged' that about January, 1924, the nephew of the defendant, Maurice Burnstein, became associated with him in the business, and that he informed the plaintiff that he would be retained in the business as long as his services were satisfactory; that plaintiff proved to be incompetent and entirely unsatisfactory; that the business suffered by reason of said ineompetency; and that for this cause the plaintiff was discharged.
 

 The trial below resulted in a judgment for plaintiff for $1,480, from which judgment the defendant appeals.
 

 The plaintiff has not answered the appeal; hence we are only concerned with that part of the judgment which allowed the plaintiff his salary on a weekly basis for the unexpired portion of 1924.
 

 The issue presented is purely one of fact, and involves two propositions: (1) Whether the plaintiff had a contract for the year 1924; and, if so (2) whether he was discharged without serious cause of complaint. "
 

 There were no third parties present when the contract, as claimed by plaintiff, was made in July, 1923, nor when the second contract was made the last day of December of that year.
 

 The plaintiff testified that the first contract was made in July, 1923, and was for the balance of that year; that on December 31, 1923, the second contract was made for the year 1924.
 

 Joseph Burnstein, president of the defendant corporation, with whom the contract was made, testified that the contract was made in July, 1923, at the salary and commission as stated by plaintiff, but that the term was by
 
 *1069
 
 the week, with the right to discharge the plaintiff at the end of any week; that no further contract was ever made.
 

 There is, it appears therefore, an irreconcilable conflict between the testimony of the two interested parties as to the term of the contract; and, if there was no other evidence or corroborating circumstances, there would be good reason for saying that the plaintiff had not made his case certain, although it might be said that there is a presumption that a person would not hire his services as a manager of a business concern on a salary and commission basis, with the right of the employer to discharge at the end of each week.
 

 There is a circumstance, however, which corroborates the testimony of the plaintiff. In the late afternoon of December 31st, the plaintiff’s wife, her two brothers, and a Mr. Umbaeh drove up to the defendant’s store in an automobile. Mr. Burnstein went out to the automobile, and, speaking to Mrs. Nickerson, told her that he had arranged with Mr. Nickerson to work another year, and that he would have to go to the market, and that she would get a trip there. This statement was testified to by the plaintiff, his wife, one of her brothers, and by Umbaeh, an entirely disinterested person.
 

 In this connection it may be stated, too, that under the previous contract the plaintiff had been sent to the market to buy shoes for the store.
 

 The district judge, after hearing all of the evidence, concluded that the plaintiff had made out his case, and we think so too.
 

 We also agree with the finding of the trial judge that the plaintiff was discharged without just and sufficient cause, or, in the words of the' statute, “without any serious ground of complaint.” Civ. Code, art. 2749.
 

 It is claimed by the defendant that there was scarcely a day between July, 1923, and the end of the year, when there was not bickering and quarreling between Burnstein and plaintiff, with constant faultfinding of Burn-stein with Nickerson, and a condition of animosity between Nickerson and the other employees in the store; that Nickerson was ignorant of business, did not know how to buy goods; that the first purchase at the beginning of the employment was bad, and out of $4,500 worth of goods purchased, $1,-000 worth had to be returned.
 

 Xet, in the face of all this, the defendant continued the plaintiff in his employ from July, 1923, to February, 1924, without discharging him, when, as is claimed, the defendant had the right to put an end to the employment at the close of any week.
 

 It remained for the nephew of the president of the defendant company to find the fault and make the discharge, after he had purchased an interest in the business and himself assumed the position of manager.
 

 And, even more than this, the nephew was willing to continue the plaintiff at the same salary and commission in the position of assistant manager,, notwithstanding the contention that the plaintiff was ignorant of the business, a poor salesman, a bad manager, and so quarrelsome that none of the other employees, not even the president, could get along with him.
 

 After reading the testimony, we are impressed with the fact that the charges against the plaintiff are not made in good faith.
 

 The salary of the plaintiff for the year 1924, say, 52 weeks, amounted to $1,560.
 

 He admits having received the pay for January, or, say, four weeks, which would leave a balance of $1,440 due him, instead of $1,480 allowed by the trial judge.
 

 It is therefore ordered that the judgment appealed from be amended by reducing the amount to $1,440, and, as thus amended, said judgment be affirmed, the plaintiff to pay costs of this appeal.