## No. ——

### First Circuit

## PELAYO v. HIGGINBOTHAM

(December 6, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Obligations—Par. 157.**

In view of Articles 1913 and 1914 of the Civil Code, where money on deposit was to be applied to the purchase of a new automobile chosen by purchaser, seller could not be put in default until purchaser had first offered to comply with contract.

2. **Louisiana Digest—Obligations—Par. 176, 178; Pleading—Par. 62.**

An allegation in a petition that amicable demand had been repeatedly made upon the defendant does not expressly nor by implication supply the lack of allegation that plaintiff had offered to perform his part of the agreement or that defendant had been placed in default. Exception of no cause of action is maintained.

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by Sidney M. Pelayo against C. or Arthur Higginbotham.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Moise Thibodeaux, of Baton Rouge, attorney for plaintiff, appellant.

Chas. A. Holcombe, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. An exception of no cause of action was maintained by judgment herein rendered from which plaintiff prosecutes this appeal.

The suit of the plaintiff is founded on a contract which he entered into with defendant on November 5, 1924, who was then operating a business under the name of the Cadillac-Nash Sales Company, as appears from the allegations of the petition. The party of the first part named in the contract was the Cadillac-Nash Sales Company; that of the second part was S. M. Pelayo, plaintiff.

The contract reads as follows:

"Should the party of the first part sell or dispose of the Nash touring car owned by the party of the second part, the party of the first part will give to the party of the second part Seven Hundred ($700.00) Dollars in cash from the proceeds of said sale, and place to the credit of the party of the second part Two Hundred ($200.00) Dollars, which amount the said party of the second part must leave as a deposit to be credited on a new Nash car, to be purchased and delivered not later than six months from this date at the prevailing prices on the date said car is delivered.

· "It is optional with the party of the second part what model will be bought by said party, but car must be a model still being manufactured by the Nash Motor Company."

Plaintiff alleges that the car he had given for sale to defendant was sold by the Cadillac-Nash Sales Company for Eleven Hundred ($1100.00) Dollars through its agent, B. E. Norwood; that he received in accordance with the stipulations aforesaid, $700.00 from the proceeds realized therefrom, but that defendant has never restituted or returned to him from those proceeds the sum of $200.00 as required under the terms of said agreement, although more than six months had expired since the date of the contract which was executed November 5, 1924. The foregoing embodies the allegations of the petition, and the recitals of the contract which are pertinent to the issues presented, and necessary to a proper solution of the question involved.

· Plaintiff prays for judgment against defendant for the sum of $200.00 with legal interest thereon from the date of the contract.

It is clearly stated in the contract that the two hundred dollars which were expected or required to be realized from the sale of plaintiff's car in addition to the $700.00, were to be left as a deposit with the Cadillac-Nash Sales Company to be credited or applied on a new Nash car that was to be purchased, not later than six months from the date of the agreement at prevailing prices; the right of option as to the model being reserved to plaintiff, with the understanding that the selection would be circumscribed to a car manufactured by the Nash Motor Company.

The $200.00 for which plaintiff sues, it will be noted under the terms of the contract, were to be applied to a new car which was to be purchased, it is true, not later, as the agreement reads, than six months after its date, but there is nothing to indicate, under its provisions, that the performance of that stipulation after the expiration of that period of time would have been impossible, or that the term so fixed was so essential to the contract that the mere expiration thereof had the effect of placing defendant in default. Erwin vs. Fenwick, 6 Mart. N. S. 236.

It also appears from the other essential features of the contract that plaintiff, under its terms, specially reserved the right to select the model of the new Nash car to the purchase of which the $200.00 were to be applied. It is therefore apparent that defendant had to keep this amount in deposit for application as stipulated, and of necessity, had to await the selection which plaintiff would decide to make. There were under the agreement reciprocal obligations imposed upon plaintiff and defendant; on the part of defendant to keep the $200.00 on deposit, and on the part of plaintiff to direct its application to the purchase of a new car of the model to be chosen by him. This was the part of the contract which plaintiff had to offer to

perform, otherwise defendant, the opposite party, could not be put legally in default. C. C. 1913, 1914; Silverman vs. Caddo Gas & Oil Co., 127 La. 928, 54 So. 289; Stewart vs. Paulding, 6 La. 151; Cousin vs. Schmidt, 143 La. 848, 79 So. 427; Petit vs. Laville, 5 Rob. 118.

Plaintiff, in his petition, averred, it is true, that defendant had never complied with the stipulation of the contract in reference to the $200.00 under discussion, although amicable demand had been repeatedly made upon him, but such an averment does not carry with it, expressly or by implication, that plaintiff had offered to perform his part of the agreement or that defendant had been placed in default in the manner required by law. In the absence of allegations of fact of the character above outlined, the demand was fatally defective, thus entailing a dismissal of the suit as properly held below.