P. GEROME DIFFLEY, PLAINTIFF-RESPONDENT, v. JACOBSON MANUFACTURING COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Cohen & Klein.*

For the respondent, *Fleming & Handford.*

PER CURIAM.

This was an action to recover damages in the sum of $500 for breach of contract of employment. On June 13th, 1927, plaintiff was engaged to work for the defendant at a salary of $6,500 per year, payable $125 weekly. Plaintiff remained in the employment but a short time when it is claimed the contract was annulled by the employer and the plaintiff discharged.

In the state of the case as settled by the judge it appears that five days after entering into the contract defendant advised plaintiff that it did not continue to employ him on a salary basis but offered to engage him on a commission. This offer the plaintiff refused. Then defendant offered to pay the first installment of $125 provided the plaintiff would execute a general release terminating all relationship between the parties. This also the plaintiff refused. Two days later when the first installment of salary was due plaintiff agreed to execute the release as asked for but the defendant refused to carry it out, its president stating that he would take the matter up with counsel.

Appellant contends that this action of the defendant did not constitute a rescission of the contract. We think it did. It was notice from the employer to the employe that it would not continue the contract and offering other terms. If wrongful the employe was entitled to recover the damages sustained thereby.

It is also claimed that there was later a mutual rescission. This is not the case. The subsequent negotiations pertained wholly to an adjustment of the damages sustained because of defendant's wrongful act, and had no bearing otherwise on the former contract between the parties.

It is contended finally that it was the duty of the plaintiff to continue to tender his services. This is not true if as appears he had been definitely dismissed. It was not incumbent on him to pursue a fruitless offer to continue to work for one who had terminated the contract.

The judgment is affirmed.