Wm. A. Porteous, Jr., and M'Caleb & M'Caleb, all of New Orleans, for plaintiff appellant.

Edward Rightor, of New Orleans, Ernest M. Conzelmann, of Gretna, and Fred A. Middleton, of New Orleans, for defendants appellees.

On the Merits.

PER CURIAM. The district court has rendered a judgment in this case, dismissing the suit on an exception of no cause of action, since the judgment refusing to grant a writ of injunction was affirmed by this court. The case has been submitted on an agreement between the parties, plaintiff and defendants, that it shall be decided on the briefs filed when the case was on appeal from the judgment refusing to issue the injunction. See Louisiana Greyhound Club, Inc., v. Clancy, Sheriff, et al., No. 29578 (La. Sup.) 119 So. 532.[1] The only basis for the suit is the plaintiff's contention that the Act 70 of 1928 is unconstitutional, for the reasons stated in our opinion rendered in the former appeal, where we decided that the statute was not unconstitutional for the reasons there given.

The judgment appealed from is affirmed.

(120 So. 295)

No. 27586.

S. B. ANDERSON & SON, Inc., v. WHITEMAN CONTRACTING CO., Inc.

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

[1] Ante, p. 511.

John D., M. A. & Edwin H. Grace, of New Orleans, for appellant.

Paul G. Borron, of Plaquemine, and Dart & Dart, of New Orleans, for appellee.

LAND, J. The present suit was brought by plaintiff as the holder of a promissory note for $2,500, due 90 days after date. This note was executed by defendant company November 22, 1923, payable to the order of the

Citizens' Bank & Trust Company of the city of Plaquemine, and was indorsed by plaintiff as surety, and by the bank without recourse.

In its answer defendant company admits the execution of the note, and that same is due and unpaid, but claims in reconvention damages to the amount of $10,500 for loss of prospective profits, occasioned by the alleged breach by' the plaintiff of a contract entered into with defendant. The amount claimed for damages is subject to a credit of $2,500 advanced by plaintiff to defendant for the purpose of carrying out the contract, and evidenced by the note sued upon, and subject also to a credit of $1,500 paid by plaintiff to defendant during the performance of the contract.

After original answer filed, defendant presented an amended answer setting up a supplemental demand in reconvention for the sum of $3,600.

Judgment was rendered in the lower court awarding to plaintiff the amount sued for, and rejecting the reconventional demands of defendant company, which has appealed.

The plaintiff, S. B. Anderson & Son, Inc., owns and operates a saw mill in the parish of Iberville. On September 11, 1923, the plaintiff entered into a written agreement with Charles W. Dawson of Morganza, La., to purchase from 3,500;000 to 6,000,000 feet of hardwood timber, to be delivered on the banks of the Mississippi river within reach of the derrick boat of S. B. Anderson & Son, Inc., or, if found practical, to be hauled to the banks of Old river.

On September 12, 1923, plaintiff addressed a letter to defendant company advising it of the purchase of the hardwood, to be delivered on the banks of the Mississippi river or of Old river within reach of plaintiff's derrick boat at Raccourci point or adjacent vicinity, and solicited bids to transport the logs by barge from the dumping grounds at Raccourci point or vicinity to the dock at plaintiff's mill, one mile below the Bayou Plaquemine locks.

In letter of October 1, 1923, plaintiff accepted the bid made by defendant company in its letter of September 29, 1923, addressed to plaintiff.

The original reconventional demand of defendant company is based upon an alleged breach of a stipulation in the contract to have ready for delivery to defendant company each day on the banks of the Mississippi or of Old river at least 40,000 feet of timber.

Defendant company avers in its answer that, if plaintiff had complied with this stipulation, it could have completed the transportation of the timber by barge in 70 days, and would have earned a net profit of $6,500.

In the amended answer containing its supplemental demand in reconvention, defendant company alleges that its fleet remained idle for 18 days, due to the violation by plaintiff of this stipulation, and that it suffered a demurrage loss of $200 a day during this period, or damages in the full sum of $3,600.

When defendant company, plaintiff in reconvention, was required by order of the lower court to produce the documents upon which its reconventional demand was founded, a letter was produced purporting that the plaintiff in reconvention had retired from and abandoned the contract.

After introducing on the trial of the case this letter and others, upon which defendant company relied as proof of its contract with plaintiff, counsel for plaintiff objected to the introduction of any further evidence on the part of plaintiff in reconvention, on the ground, among others, that it was shown by the letter that plaintiff in reconvention had abandoned the contract, and was therefore without right of action to recover damages for its alleged breach by plaintiff. This objection was sustained by the trial judge, and further evidence in support of the reconventional demand was excluded, with the result

that the reconventional demand was rejected in the judgment of the lower court.

The letter in question reads as follows:

"Dec. 20th, 1923.

"The S. B. Anderson Lumber Co., Plaquemine, La.,—Gentlemen: Referring to our contract of Sept. 29th, 1923, we wish to state that after having given your work a fair trial we find it will be impossible to continue as per original agreement.

"We will, however, gladly let you have our Str. J. B. Lewis, Derrick Orleans, and Barges Whitman Nos. 5, 7, 10, and Templeman Barge No. 5, and the small fuel barge now on the job, all for the sum of One Hundred and Twenty-Five Dollars ($125.00) per day, we reserving the right to name the Chief Engineer for the Str. Lewis.

"We agree to put a large oil tank in the Str. Lewis that would about double her full capacity and have the Whitman Barge No. 5 hawsed and caulked.

"It will be optional with you whether or not you wish to retain the Templeman Barge No. 5 releasing same at will, and deducting $10.00 per day from the above mentioned figure.

"It is understood that we are to let you have all equipment in good condition and shall expect same to be returned in like condition, allowing usual amount of wear and tear.

"Trusting that this arrangement will meet with your approval and that you will let us hear from you at once, we are,

"Yours Very Truly,
"Whitman Contracting Co. Inc."

The above letter was introduced in evidence by defendant company, plaintiff in reconvention, and clearly shows an abandonment of the contract between plaintiff and defendant.

In Southern Tie Co. v. G. W. Signor Tie Co., 164 La. 1066, 115 So. 271, we held: " 'To recover damages, the plaintiff must begin by showing that he has complied with the terms of the contract.' Silverman v. Caddo Gas & Oil Co., 127 La. 928, 54 So. 289; Murphy v. Southern Mineral & Land Improvement Co., 130 La. 914, 58 So. 766; Blodgett Const. Co. v. Board of Com'rs, 153 La. 623, 632, 96 So. 281."

We find no error in the rejection by the trial judge of defendant company's original reconventional demand.

Counsel for plaintiff, S. B. Anderson & Son, Inc., moved to strike out the supplemental demand in reconvention, made by defendant company for demurrage charges amounting to $3,600, on the ground, among others, that it was filed too late.

The original reconventional demand was filed September 22, 1924. The supplemental reconventional demand was not filed until July 25, 1925, as shown by date of the order of the lower court permitting its filing. The following Monday, July 27, 1925, was the last day of the session of the court, and on this date the motion to strike out was made.

The supplemental reconventional demand purports to be an elaboration of article 13 of the original answer, in which it is merely alleged that plaintiff in reconvention would require pay for the time its fleet had been kept idle, and that plaintiff company agreed to pay for the lost time.

In the prayer in the original answer there is no demand for payment for loss of time or demurrage, so the amended answer and reconventional demand, making a claim for demurrage eo nomine, made that demand for the first time on Saturday, July 25, 1925. As the court adjourned on the following Monday, July 27, 1925, the supplemental demand came too late, especially as these losses were known at the date of the filing of the original answer, September 22, 1924.

Defendant company could have asserted this demand in an independent action, and

for this reason could not be permitted to continue plaintiff's suit to another term of court.

In addition to this, defendant company had abandoned the contract and was itself in default, and was debarred thereby from recovering damages for this item.

Judgment affirmed.