On September 29, 1925, plaintiff entered into a written contract with defendant company, an insurance agency in the city of New Orleans, to become manager of its casualty and surety department.
The contract of employment provided for a five-year period, an annual salary of $3,600, and certain commissions on net profits.
On March 31, 1927, the then secretary and manager of defendant company notified plaintiff verbally that his services would be dispensed with from and after May 1, 1927, and defendant was discharged on that date.
The present suit has been brought by plaintiff under article2749 of the Civil Code to recover the whole of the salary which he would have been entitled to receive, had the full term of services arrived, on the ground that *Page 463 
he had been dismissed by defendant company without serious grounds of complaint.
The sole defense now urged against plaintiff's demand is that the contract was dissolved by mutual consent, and the sole reasons assigned by the vice president of defendant company for the discharge of plaintiff were that a Mr. Steckler was coming into the agency and that the casualty and surety department was showing a loss.
It is provided in article 2749 of the Civil Code that: "If without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."
In our opinion, the plaintiff was deprived of his position without serious grounds of complaint. Neither the fact that Mr. Steckler was about to be admitted into the agency, nor the fact that the casualty and surety department was operated without profit, constitutes a serious or sufficient ground of complaint justifying the discharge of plaintiff.
In Dunbar v. Orleans Metal Bed Co., 145 La. 779, 786, 82 So. 889, 892, it is said: "It is not pretended that defendant had any serious ground of complaint against plaintiff, or any ground whatever, the admitted purpose of the action taken being to save `the expenditure incidental to the position' held by plaintiff, which was an insufficient ground upon which to base such action, since defendant had contracted with plaintiff to make that expenditure, and it did not lie with it to repudiate its contract because it thereafter concluded that it would be better to save the expenditure than to make it. In fact, the law intervenes and compels defendant to make the expenditure, even though *Page 464 
it does not require plaintiff, after being discharged, to render the service which the expenditure was intended to compensate."
The only remaining question to be considered is whether the contract was dissolved by the mutual consent of the plaintiff and of defendant company.
In our opinion, defendant company has failed to show that plaintiff acquiesced in his dismissal.
On March 31, 1927, an interview was had between plaintiff and the vice president of defendant company in the office of the latter. No other witness was present.
At that interview the vice president of defendant company declared in positive terms that it would be necessary for plaintiff to terminate his relations with, and supervision of, the casualty and surety department, and assigned as reasons for such action that Mr. Steckler was being admitted into the agency, and that the department was not making any profit.
The vice president of defendant company testified that plaintiff acquiesced in the proposed discharge.
To begin with, it is not to be presumed that an employee, with a contract for a salary of $3,600 a year for five years, would be so magnanimous as to consent to the termination of his employment without any fault upon his part, or serious ground of complaint on the part of his employer. In fact, plaintiff did not do so, as is clearly shown by his conduct after receiving the 30 days' notice on March 31, 1927. This notice did not put an end to plaintiff's contract on March 31, the moment it was received by him. After the notice was given, the contract remained intact and in full force and effect until May 1, 1927. Plaintiff had not been discharged during this 30-day period. He was still under the obligation of performing *Page 465 
his contract, under penalty of default and forfeiture of his right to recover the balance of his salary, had he failed to comply with his part of the agreement.
In order to recover, plaintiff had to show that he had complied with the terms of his contract until dismissed without serious ground of complaint. Southern Tie Co. v. G.W. Signor Tie Co.,164 La. 1063, 115 So. 270; Silverman v. Caddo Gas Oil Co.,127 La. 928, 54 So. 289; Murphy v. Southern Mineral Land Improvement Co., 130 La. 914, 58 So. 766; Blodgett Const. Co. v. Board of Com'rs, 153 La. 623, 96 So. 281.
Within 3 days after the interview in which plaintiff had been notified of his intended discharge, he consulted with his attorneys, and, under their advice, remained in the service of the defendant company during the 30-day period of notice. In our opinion, it was plaintiff's legal duty to have done so, in order that he might perform the obligation of his contract up to the moment of his dismissal.
The fact, therefore, that plaintiff remained in the employment of defendant company during the 30-day period cannot be construed as an acquiescence in his discharge, under the circumstances of this particular case. Manifestly, he had not been let out during this period, and no right of action for his dismissal had accrued prior to May 1, 1927, when plaintiff's services were actually dispensed with by defendant company for the first time.
On May 3, 1927, within 3 days after his discharge, plaintiff, through his attorneys, made a written demand upon defendant company for the payment of the balance of his salary on the ground that he had been sent away without serious ground of complaint.
Defendant company refused to comply with this demand, and the present suit was instituted. Clearly, there was no acquiescence by plaintiff in his dismissal. It was not necessary *Page 466 
for plaintiff to protest against his dismissal, or to offer his services again at the time, or to put defendant company in default by demanding the continued performance of the contract of employment on its part.
The discharge of plaintiff by defendant company was an active breach of the contract of employment. "When there is an active violation of the contract, damages are due from the moment the act of contravention has been done, and the creditor is under no obligation to put the debtor in default, in order to entitle him to his action." C.C. art. 1932.
The moment plaintiff was let out, a right of action accrued in his favor for the recovery of his salary for the remainder of the term of his contract of employment. He was under no obligation after his dismissal, to continue in the service of defendant company, and was at liberty to seek employment elsewhere during the unexpired term of his contract.
The law applicable to the case is stated in Dunbar v. Orleans Metal Bed Co., 145 La. 786, 82 So. 892, as follows: "According to the Civil Code, and numerous decisions of this court interpreting it, if a laborer (or clerk), hired for a certain time, be sent away, without any serious ground of complaint, before the time has expired, he is entitled to recover the whole of the `salaries' that he would have received, had the full term of his service arrived. C.C. art. 2749. The right of action for the entire amount called for by the contract arises immediately, and the employer by whom he is discharged has no power, as a condition precedent to paying him, thereafter to require that he work out the term for which he was employed. Sherburne v. Orleans Cotton Press, 15 La. 360. Nor is his right of recovery under his first employment affected by the fact that he engages his *Page 467 
services for the unexpired term to another employer. Shea v. Schlatre, 1 Rob. 319. Nor is it necessary that he should tender his services to the employer by whom he was discharged, or put him in default, since the whole amount of the salary called for by his contract becomes due and exigible upon and by reason of his discharge. Tete v. Lanaux, Ex'r, 45 La. Ann. 1343, 14 So. 241; Curtis v. Lehmann Co., 115 La. 40, 38 So. 887; Daspit v. D.H. Holmes Co., 120 La. 92, 44 So. 993; Camp v. Baldwin-Melville Co., 123 La. 258, 48 So. 927."
Our conclusion is that plaintiff is entitled to recover the remainder of his salary, at the rate of $300 per month, for the unexpired 41 months of his contract of employment for five years, dating from May 1, 1927.
It is therefore ordered that the judgment appealed from be annulled and reversed.
It is now ordered that there be judgment in favor of the plaintiff, Archer Graham Van Denburgh, and against the defendant, H.T. Higginbotham, Inc., in the sum of $12,300, being salary due for 41 months of the unexpired term of plaintiff's contract of employment with defendant company for five years, dating from May 1, 1927, at the rate of $300 per month.
It is further ordered that defendant pay the costs of this court and of the lower court.
O'NIELL, C.J., and ST. PAUL, J., dissent.
 On Motion to Correct Decree.