No. 3040

Second Circuit

(Second Division)

BRANDON v. SMITH

(April 9, 1931.  Opinion and Decree.)

George Thurber, of Shreveport, attorney for plaintiff, appellant.

Dickson & Denny, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J.  This is a suit to recover $500 as liquidated damages for the alleged breach by the defendant of a contract for the exchange of certain real estate.

Plaintiff appeals from a judgment sustaining an exception of no cause of action and dismissing his suit.

The petition sets forth: That on the 26th day of October, 1926, the plaintiff entered into a written contract with the defendant for the exchange of certain properties; and as a further consideration for the property conveyed to defendant by plaintiff, the said defendant agreed to pay the sum of $14,000, and that both parties agreed to have their titles in shape by November 1, 1926, and assumed other obligations, as shown by the contract attached to and made part of the petition.  That the plaintiff and the defendant each deposited with I. A. Hill Realty Company a check for $500, drawn on banks in the city of Shreveport, as evidence of good faith; and it was so provided that if either failed to comply with his contract, his check was to be forfeited to the other as liquidated damages.  That on or about October 29,

1926, the defendant wrote to the said I. A. Hill Realty Company, notifying it that he had stopped payment on his check, and further notifying said company that he would not comply with his part of the contract, which notification was communicated to the plaintiff on November 1, 1926.

That upon November 3, 1926, plaintiff called upon the defendant at his office and regular place of business in the city of Shreveport, La., and in the presence of two witnesses made demand on the defendant to comply with the terms of the aforesaid contract, and notifying him at the time that he (plaintiff) was ready to comply with his part of the contract, and exhibited the said contract to the defendant; whereupon the defendant, in the presence of the witnesses, refused to comply with the said contract, and that the defendant was thereby placed in default. That plaintiff has been damaged by loss of time and opportunities for the sale of his property, all as the result of the breach of the said contract on the part of the defendant.

The contract, properly executed and witnessed, which is attached to and made part of plaintiff's petition, reads as follows:

"This contract made and entered into this the 26th day of October, 1926, by and between Dr. I. Henry Smith, a resident of Shreveport, Caddo Parish, Louisiana, and herein called first party and C. H. Brandon, a resident of Bossier Parish, Louisiana, and herein called second party on the following terms to-wit:

"For the consideration hereinafter mentioned the first party agrees to exchange unto the second party the following described property.

"One certain plot of ground located on Fairfield Avenue in South Highlands, Louisiana, being One Hundred (100) Feet by Two Hundred and Seventy-six (276) Feet, the only plot owned by first party on Fair-field Avenue; also 51.37 acres of land located in Hidalgo County near Weslaco, Texas, Farm Tract #——— Block #180, together with Fourteen Thousand ($14000.00) Dollars cash.

"In consideration for said conveyance second party agrees to pay or exchange to first party the following described property to-wit:

"To be delivered free from all incumbrance a certain block of houses owned by J. P. Towery located on Caperton Street, Shreveport, Louisiana and being the houses J. P. Towery is in contract with C. H. Brandon.

"First party agrees to pay taxes on his above described property for the year 1926. Second party agrees to pay taxes on his said negro property.

"Each party agrees to furnish an abstract of title showing titles good and merchantable to their respective places.

"This contract is to be closed as soon as titles have been examined by each party's attorney and found good. Each agrees to have titles in shape by November 1, 1926.

"First party agrees to reimburse second party with an unearned insurance on property located on Caperton Street.

"We both herein agree to deposit with I. A. Hill Realty Company our checks for $500.00. This being a forfeit check in event either should fail to comply with contract herein mentioned.

"Thus done and signed this 26th day of October, 1926."

The exception of no cause of action is founded on the rule of law that one who is seeking damages for the violation of a contract must allege and prove that he has faithfully discharged all of the obligations resting upon him, by virtue of said contract, before he can recover.

The counsel for the plaintiff finds no fault with this well-recognized principle of law, nor does he contend that the plaintiff has alleged facts which show a compliance with his contract. But he takes the posi-

tion that as facts are alleged in the petition which show an active, rather than a passive, violation of the agreement on the part of the defendant, the plaintiff is absolved from the necessity of alleging compliance.

The notice that payment had been stopped on defendant's check, and that the defendant would not comply with the contract, is alleged to have been delivered to the I. A. Hill Realty Company, the common agent of the parties, on October 29, 1926. This allegation clearly charges defendant with an active breach of the contract, and the legal effect of said breach was to relieve the plaintiff of the necessity of formally putting the defendant in default. But it does not follow that because the defendant had breached the agreement, and was in default, that the plaintiff was relieved from the necessity of alleging that he had complied with the obligations imposed upon him which should have been performed before he received notice of repudiation by the defendant, or of alleging facts which would show his ability to perform at the time of receiving the said notice. The information that the defendant would not comply with his contract was not communicated to the plaintiff, according to the allegations of the petition, until November 1st. Under the terms of the contract it was the duty of the plaintiff on that date to have his "title in shape." That is, as explained by another paragraph of the contract, it was the plaintiff's obligation on that date, November 1, 1926, to furnish to the defendant an abstract of title showing a good and merchantable title to the property which he was to convey.

We do not think that it was incumbent on plaintiff to perform any obligation on his part, under the contract, after notice

of the actual breach by the defendant; but as the obligation to furnish an abstract of title showing a good and merchantable title matured the same day he received information of defendant's breach of the agreement, clearly, in order to state a cause of action, the plaintiff should have alleged that he had such abstract prepared; that it was in his possession on November 1, 1926; that said abstract disclosed a good and merchantable title to the property he had contracted to convey; and that he was ready and willing to convey said title to defendant on that date. It is only by alleging such facts that the plaintiff could have placed himself in a position to recover damages; that is, by alleging that prior to defendant's breach of the agreement, he had performed, and that at the time of said breach by the defendant he was able, ready, and willing to continue to perform.

Certainly, refusal to comply with the terms of a contract, or its repudiation by one party, cannot be held equivalent to performance, or a legal excuse for non-performance by the other party of obligations which matured prior to such refusal to comply, or repudiation.

"To recover damages the plaintiff must begin by showing that he has complied with the terms of the contract." Silverman, v. Caddo Gas & Oil Co., 127 La. 928, 54 So. 289, 290; Southern Tie Co. v. G. W. Signor Tie Co., 164 La. 1066, 115 So. 270, 271; Murphy v. Southern Mineral & Land Improvement Co., 130 La. 914, 58 So. 766; Blodgett Const. Co. v. Board of Com'rs, 153 La. 623, 632, 96 So. 281; Van Denburgh v. Higginbotham, 168 La. 461, 122 So. 581.

We are of the opinion that the exception was properly sustained. It is therefore ordered that the judgment appealed from be affirmed, with costs.