Earl B. WRIGHT, Appellant,

v.

DISABLED AMERICAN VETERANS, a
corporation, Appellee.

No. 14827.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1959.

Decided Oct. 29, 1959.

Petition for Rehearing Denied
Dec. 1, 1959.

Mr. Robert T. Smith, Washington, D.
C., with whom Mr. W. Perry Doing,
Washington, D. C., was on the brief, for
appellant.

Mr. John J. Schlick, Washington, D.
C., for appellee.

Before WILBUR K. MILLER, BAZELON
and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

The appeal in this suit for breach
of an employment contract is from a
judgment entered upon a verdict which
the District Court directed against the
plaintiff at the close of his evidence. The
complaint alleged that the Disabled
American Veterans (DAV) terminated
appellant's employment as a National
Service Officer in violation of the or-
ganization's constitution and by-laws.
They provide, in pertinent part:

"The term of employment of a Na-
tional Service Officer shall not com-
mence until he is certified by the
Veterans' Administration and shall
continue only so long as such certifi-
cation is in effect.

\* \* \* \* \*

"No paid employee of the National
Organization \* \* \* who has
been so employed continuously for
a period of five years, shall be dis-
charged or his employment termi-
nated involuntarily, except after a
personal hearing upon thirty (30)
days written notice before the Na-
tional Executive Committee and the
approval of that Committee by a
two-thirds vote, which action shall
be final. The National Commander
may suspend any such employee for
cause, pending the hearing."

In its answer to the complaint, appellee admitted the existence of a contract of employment, and apparently concedes, upon this appeal, that the constitution and by-laws upon which plaintiff relies are a part of that contract. Nor is it denied appellee failed to give appellant either the notice or hearing prescribed in the constitution and by-laws. Appellee's basic contention, which the trial court adopted in directing the verdict, is that the notice and hearing provisions were inapplicable since appellant abandoned his position by prolonged absence.

Appellant, who was the sole witness on his behalf, testified as follows: He had been appointed in 1946 and served continuously thereafter as a National Service Officer of DAV. His duties required him to represent veterans and their dependents before the Veterans' Administration and other Government agencies. On March 1, 1955, he became incapacitated with a back ailment requiring an operation and went on sick leave. On May 10, 1955, he was notified that his sick leave and annual leave had expired, and that he was placed on leave without pay. On August 1, 1955, his supervisor wrote to the General Counsel of the Veterans' Administration requesting that his accreditation to present veterans' claims as a representative of DAV be withdrawn. One week later the Veterans' Administration granted the request and forwarded notice thereof to him. On the same date, DAV notified him that his coverage under the organization's group medical and life insurance plans was being discontinued. And on September 8, 1955, the National Adjutant of DAV sent an inter-office memorandum to a subordinate, notifying him that it would be unnecessary to submit further reports on appellant's leave "as his employment has been terminated."

During this period appellant kept his employer informed of his condition and progress and never indicated an unwillingness to return to work. Because he considered himself discharged when he received notice that his Veterans' Administration accreditation had been withdrawn at appellee's request, he then turned the matter over to his attorney, who notified DAV that his client intended to return to work. Although appellant was able to resume employment in November of 1955, he made no further attempt to do so.

In directing a verdict for the appellee, the court must have determined that upon appellant's evidence the jury could only conclude that he had abandoned his job. We cannot agree.

According to appellee's constitution, it appears that appellant's employment was terminated *as a matter of law* when his Veterans' Administration certification was withdrawn on August 8, 1955. Hence the question for the jury was whether he voluntarily abandoned his employment prior to that date. The evidence upon that issue must be viewed most favorably to him. So viewed, we think it clear that reasonable men could reach contrary conclusions.[1]

Nor do we think that the District Court's second ground for its decision, namely that appellant failed to report for work after he had recovered his health, can support a directed verdict. A tender of performance is not always a prerequisite to a cause of action in contract. If the employer's conduct constituted a total repudiation of the contractual relationship, as the jury might have found that it did, the appellant was under no duty to tender performance, but could consider the contract at an end and immediately sue for damages.[2]

1. See Moore, Federal Practice ¶ 50.02 (2d ed. 1951), summarizing the conditions upon which a verdict may be directed.

2. Diffley v. Jacobson Mfg. Co., Sup.Ct.1928, 6 N.J.Misc. 1044, 143 A. 696, affirmed per curiam, E. & A.1929, 105 N.J.L. 631, 147 A. 908; Roselle v. La Fera Contracting Co., Super.Ct.1952, 18 N.J.Super. 19, 86 A.2d 449, 453; Winsor v. Silica Brick Co., 1916, 31 Cal.App. 85, 95, 159 P. 877, 881 (dictum); Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146, 152; Van Denburgh v. H. T. Higginbotham, Inc., 1929, 168 La. 461, 122 So. 581.

See generally 4 Corbin, Contracts §§ 975, 977 (1958).

Other points raised need not be considered since they involve evidentiary restrictions which may not recur upon retrial.

Reversed and remanded.