(61 South. 838.)

No. 19,461.

## BRADY v. FONTENOT et al.

(April 28, 1913.)

*(Syllabus by the Court.)*

BROKERS (§ 94*) — VENDOR AND PURCHASER (§ 16*)—SALES BY AGENT—LIABILITY OF VENDOR.

A person may confer upon another any lawful power which he himself may exercise; and he is bound to execute the engagement contracted by his mandatary conformably to the power confided to him. If the owner of real estate makes a written offer of it to another at a stated price, and the offer is accepted

in writing, in accordance with its terms, the obligation to convey the property is complete; and the same is true where the offer is made by the duly authorized mandatary of the owner. To hold otherwise would be to hold that the owner may not do through another that which he himself may do; and that a third person, dealing with an owner of property through his agent, acquires no rights as against such owner.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 136; Dec. Dig. § 94;* Vendor and Purchaser, Cent. Dig. §§ 17, 20; Dec. Dig. § 16.*]

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Action by Ed P. Brady against Octavia L. Fontenot and others. Judgment for defendants, and plaintiff appeals. Reversed.

Foster, Milling, Brian & Saal, of New Orleans, and E. A. Edwards, of Ville Platte, for appellant. Story & Pugh, of Crowley, and J. Raoul Pavy, of Opelousas, for appellees.

### Statement of the Case.

MONROE, J. This is an action for specific performance of an alleged agreement to sell certain real estate; the facts being as follows:

Defendant, being the owner in her paraphernal right of the property in question, executed a written instrument reading:

"Beaver, La. 12–15–11.

"I hereby give to J. A. Blythe exclusive authority, for a period of ninety days, to offer for sale my property, described below, for a net sum to me of $1815.00—said J. A. Blythe to retain any sum obtained above said price for his services rendered; said J. A. Blythe to make due efforts to dispose of said property, in said time, at said price. 121 acres, ½ of N. E. ¼ of Sect. 32, and W. ½ of S. ½ of N. W. ¼ of Sect. 34; T. 3 S. R. 1 W."

The instrument, signed by defendant and her husband, to authorize her, and by two witnesses, was duly recorded a few days after its execution; and within 60 days thereafter an instrument in writing was executed between J. A. Blythe and plaintiff herein, and which was, also, duly witnessed and recorded, to wit:

"Pine Prarie, La. Feb. 10, 1912.

"I, J. A. Blythe, acting as sole and exclusive agent for Mrs. Octavia Buller, wife of Thomas Buller, as per authority to sell, dated Beaver, La., December 15, 1911, giving me exclusive authority to sell, for the stipulated price of $1815.00, said authority having been duly signed by Mrs. Octavia Buller, and authorized and assisted by her lawful husband, Thomas Buller, who appeared and affixed his signature thereto, all of which will more fully appear on the records of the clerk of court's office of the parish of Evangeline, state of Louisiana, as recorded in Miscellaneous Book No. 1, at page 66, on the 18th day of Dec. 1911, do hereby agree to sell to E. P. Brady, of the parish of Jefferson, state of Louisiana, the hereinafter described property, as per above acknowledged authority, for the sum of twenty five hundred dollars, cash, said property being described as follows: 121 acres, half of N. E. ¼ of section 32, and west half of S. ½ of north west ¼ of Sec. 34; T. 3, S.; R. 1 W. This description being the same property as shown in above-described act of authority. Unto these presents appears E. P. Brady, who declares that he does hereby agree to purchase the above-described property, for the sum as above set forth and the cash consideration hereinabove mentioned."

After which appear the signatures of the parties and witnesses and the certificate of registry.

Thereafter plaintiff tendered to defendant, in the presence of witnesses, the whole amount ($2,500) that he had agreed to pay for the property, which she refused to accept, and on March 11, 1912, this suit was instituted. Defendant filed exceptions of no right and no cause of action, which were sustained, and plaintiff has appealed.

### Opinion.

If defendant herself had made a written offer of the property to plaintiff, and plaintiff had accepted the offer in writing and in accordance with its terms, defendant would be bound (C. C. 1803), and to hold that she is not bound by the offer as made and accepted would be to hold that she may not do through another that which she may herself do. But that is not the law. To the con-

trary, a person may confer upon another any lawful power which he himself may exercise (C. C. 2985, 2987), and the contract between them is completed by the acceptance of the mandatary, either expressly in the act or by a posterior act.

"It may also be accepted tacitly; and this tacit acceptance is inferred, either from the mandatary acting under it, or from his keeping silence when the act containing his appointment is transmitted to him." C. C. 2988, 2989.

"The mandate may take place in five different manners: For the interest of the person granting it alone; for the joint interest of both parties; for the interest of a third person; for the interest of such third person and that of the party granting it, and finally, for the interest of the mandatary and a third person." C. C. 2986.

"The principal is bound to execute the engagements contracted by the attorney, conformably to the power confided to him." C. C. 3021.

In the instant case the mandatary acted under the mandate conformably as to time and substance to the power conferred on him. In offering the property he represented defendant; and in accepting the offer plaintiff acquired the same rights that he would have acquired if the offer had been made by defendant.

The judgment appealed from is therefore reversed, the exceptions are overruled, and the case is remanded to the trial court, to be there proceeded with according to law, the costs of the appeal to be paid by defendant, and those of the trial court to await the result.