(82 South. 274)

No. 23365.

HOWELL et al. v. MUNDY.

In re FAKIER et al.

(June 2, 1919.)

*(Syllabus by the Court.)*

1. ATTORNEY AND CLIENT ⚙️1 — RIGHT TO APPEAR BY ATTORNEY IN FACT.

There is no conflict between section 122, Rev. St., which declares that "the parties to any suit pending before any court of this state, shall have the right to appear and plead in person, or by their attorney at law, or in fact," and Act No. 66 of 1908, which imposes a penalty upon "any person who shall practice as an attorney and counselor at law in any court of record in this state without having first been examined and obtained a license from the Supreme Court of this state"; and the act last mentioned contemplates no interference with the exercise by any litigant of the right to appear and plead in any court of the state, either in person or by his attorney at law duly qualified, or his attorney in fact duly authorized.

2. PARTIES ⚙️40(2)—PARTIES ENTITLED TO INTERVENE.

A litigant who has appeared and pleaded through an attorney in fact in a pending suit has an interest entitling him to intervene, through an attorney in fact, in a proceeding instituted by members of the bar against the attorney in fact through whom such pleadings were filed, to strike the same from the record and punish such attorney in fact for contempt, upon the ground that he was assuming to practice law without having obtained a license as an attorney at law.

3. PARTIES ⚙️44—INTERVENTION — REFUSAL.

A trial judge cannot refuse to admit an intervention tendered for filing prior to the trial; the questions whether it should be dismissed on an exception as to the character of the interest disclosed, or for other cause, or whether any delay should be allowed for service of citation, being matters for his subsequent determination.

*(Additional Syllabus by Editorial Staff.)*

4. ATTORNEY AND CLIENT ⚙️1 — STATUTE— CONSTRUCTION — ABSENCE OF REPEALING CLAUSE.

There being no repealing clause, Act No. 66 of 1908 must be so construed with the then existing legislation as to give the greatest possible effect to each, bearing in mind that the later statute governs in the event of an irreconcilable conflict.

Action by W. E. Howell and others against Chas. J. Mundy, in which Michel Fakier and others sought to intervene, and on denial of their right they apply for writs of mandamus against H. M. Wallis, Jr., Judge, and P. J. Aucoin, Clerk, of the Twentieth Judicial District for the Parish of Lafourche. Granted.

Jules Laforest, of Thibodaux, for relators.

Charles J. Mundy, in pro. per.

H. S. Levy and M. C. Scharff, both of New Orleans (Gabriel Fernandez, of New Orleans, of counsel), amici curiæ.

Taylor Beattie, W. E. Howell, L. P. Caillouet, Francis Knoblock, L. E. Caillouet, J. A. O. Coignet, L. H. Pugh, and Numa F. Montet, all of Thibodeaux, in pro. per.

MONROE, C. J. Our reconsideration of the matter here presented having led to a change of view on the part of the majority of the members of the court by whom the original opinion was handed down, the following reasons are assigned for the conclusion now reached:

As appears from the application for mandamus and the returns thereto, the members of the Lafourche bar (all of them, it is said) united in a proceeding by rule in the district court "suggesting that one Charles J. Mundy * * * is presuming to practice law at the bar of this court, without a license, or otherwise complying with the laws of this state, and has presumed to file suits and motions in this honorable court in violation of the law of this state, of the rules of the Supreme Court, and in contempt of this honorable court," and praying that he be required to show cause on a day to be fixed why "any paper or proceeding filed by him in this honorable court, as the agent or attorney in fact of any person, should not be stricken from the files of this court, and why he should not be punished for contempt of this honorable court, and prohibited from practicing law before this court."

The person thus named as defendant in rule appeared and filed exceptions to and a motion to dismiss the same, as also, agreeably to the ruling of the court, an answer thereto, and thereafter during the motion hour of the day upon which the rule was returnable the applicants herein (some 14 in number) appeared, through Jules Laforest, as their attorney in fact, and offered for filing a petition of intervention in which they allege that they have employed Mundy as their agent and attorney in fact in various suits then pending in the court for the collection of claims which they had otherwise been unable to collect; that he had rendered valuable services in that behalf and has still other claims in his hands for collection; that they had and have the legal right so to employ him to appear and plead for them before any court of this state, and are therefore interested in the proceeding and are entitled to intervene. They further allege that the action of the plaintiffs in rule is inspired by malice and self-interest, and that they have been injured thereby to the extent of $14,000, and they pray for judgment against each of said plaintiffs in the sum of $1,000. The judge a quo having refused to allow the intervention to be filed, the petitioners presented to this court the application for mandamus which we are now considering. The reasons assigned by the respondent judge for so refusing were as follows:

"I refused to entertain the motion of the said Jules Laforest in open court, and to sign the order requested, for the reason that the said Laforest was not a duly licensed attorney at law of this state, and was attempting, by means of an illegal power of attorney, to do the very thing that the rule herein invoked against Charles J. Mundy, defendant in rule, was designed to prevent, and for the further reason that previously on the same morning, in chambers, I had refused to grant the said order because I did not believe that a suit for damages, such as the intervention purports to be, could be ingrafted on the rule herein."

## Opinion.

The language of the opinion in Brady v. Fontenot, 132 La. Ann. 828, 829, 61 South. 838, 839, to the effect that "a person may confer upon another any lawful power which he himself may exercise," though finding some apparent warrant in C. C. arts. 2987 and 2994, is too broad, since one may lawfully make a last will, or an affidavit, or take out naturalization papers, etc., and yet cannot confer upon another the power to do those things in his stead. The saying is nevertheless true in general and save as to particular cases where, by special provision or in plain contemplation of the law, the power conferred upon an individual is required or intended to be exercised by him alone. Thus

the Civil Code (articles 2985, 2987, and 2994) declares that:

"A mandate, procuration or letter of attorney is an act by which one person gives power to another to transact for him and in his name, one or several affairs. The object of the mandate must be lawful, and the power conferred must be one which the principal himself has the right to exercise. It may be either general for all affairs, or special for one affair only."

The right to appear and plead in court is not one of those rights the exercise of which the law either requires or contemplates shall be confined to the individual by whom it is possessed. To the contrary, it expressly declares:

"The parties to any suit, pending before any court of this state, shall have the right to appear and plead in person, or by their attorney at law, or in fact." R. S. 122.

And, referring to the petition by which a suit is begun, that:

"It must be signed by the plaintiff, or his attorney in fact, or by his advocate." C. P. art. 172.

The Constitution, too, in providing (article 6) that "all courts shall be open, and every person * * * shall have adequate remedy," etc., leaves the person seeking such remedy free to do so either by himself or through an agent, whether attorney at law or attorney in fact; and article 264 of that instrument declares that—

"No domestic or foreign corporations shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served."

From which it may fairly be deduced that, where a corporation has been cited through an agent duly authorized to appear in court and plead in its behalf, the court from which the citation issued would be without authority to deny it the right to appear and plead through such agent, whether the person selected by it be a licensed attorney at law or an ordinary citizen without license. And the same is true as to individuals. On the other hand, there are many things with respect to which litigants may bind themselves by appearances in court, which are not within the scope of the authority of their attorneys at law, acting merely as such, and wherein they must either appear in person or through their attorneys in fact. 1 Hen. Dig. pp. 152, 153.

Act 66 of 1908, relied on by plaintiffs in rule, is entitled:

"An act fixing a penalty for any one practicing as an attorney and counselor at law without first having obtained a license from the proper authorities."

And it reads:

"Section 1. * * * That any person who shall practice as an attorney and counselor at law in any court of record in this state without having first been examined and obtained a license from the Supreme Court of this state as required by law, shall, upon conviction, be fined not less than fifty dollars, nor more than two hundred dollars, or imprisoned in the parish jail not exceeding thirty days.

"Sec. 2. * * * That this act shall not apply to visiting attorneys from other states."

[4] There being no repealing clause, the act must be so construed with the then existing legislation as to give the greatest possible effect to each, while bearing in mind that the later statute governs in the event of an irreconcilable conflict.

[1] It will be seen from the foregoing statement that the legislation in force when the act in question became a law required the petition beginning a lawsuit to be signed by the petitioner, his attorney in fact, or his advocate, and authorized the parties to any suit pending in any court to appear and plead in person, or by their attorney at law or in fact; and it also authorized third persons, not originally parties to a pending suit, to

intervene therein under certain circumstances and conditions.

The later statute merely imposes a penalty upon any person who, "without having first been examined and obtained a license from the Supreme Court of this state, shall practice, as an attorney and counselor at law, in any court of record of this state." It does not purport to interfere with the right of any one to appear and plead in any suit, either in person or through an attorney, whether in law or in fact, or with the right of an attorney in fact so to appear and plead for one who may authorize him so to do; its purpose being merely to prevent persons who have not complied with the conditions which the law prescribes from assuming to appear and plead in the courts of record as attorneys and counselors at law. There is, therefore, no conflict between it and the prior law, and they can and must stand together.

[2] That, in asserting the right to intervene in the pending rule, relators were represented by Jules Laforest as their attorney in fact, was therefore an insufficient reason for denying them the exercise of that right, since Laforest was not appearing and did not assume to appear, in the capacity of an attorney at law, but was, or claimed to be, the attorney in fact of relators, and in that capacity was entitled to intervene in their behalf, if an intervention was otherwise admissible.

Respondent assigns as an additional reason for his refusal to allow the intervention that he did not believe that a suit for damages, such as the intervention purported to be, could be ingrafted on the rule; and we infer that that view of the matter was based upon the theory that the rule was a summary proceeding authorized by law, and that interventions are not allowed in summary proceedings.

This court has, however, said:

"The form of action cannot control the right to intervene. Whenever there is a suit, a plaintiff on one side demanding, and a defendant on the other side resisting, a third person may, by timely application to the court, on proper showing, be made a party. C. P. 389. 'In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties, or an interest opposed to both.' C. P. 390." Bank v. Pilsbury, 31 La. Ann. p. 1; Board v. Capdevielle, 122 La. 616, 48 South. 126.

The relators clearly had an interest in the success of the defendant in rule, and hence a right to intervene. They had the right also to institute a demand "incidental to the main action," and independent of those instituted by either the plaintiffs or the defendant. C. P. 364. And, if they sustained any recoverable damages by reason of the institution and prosecution of the proceeding by rule, a demand therefor would appear to be incidental to the main action.

Even though it were conceded, however (which it is not), that, apparently without any request from the judge, the plaintiffs in the rule in question were authorized to institute such a proceeding, we are not advised of any law under which one can proceed summarily, by an independent action, and without notice to the parties in interest, to have stricken from the files of a court the pleadings in various pending suits which have been placed there on behalf of the different parties thereto. One would suppose that the proper thing to do would be to make the objection in the several suits in which the pleadings were filed.

[3] The plaintiffs in the rule argue in this court that the application for leave to intervene came too late, but the judge did not assign that as one of the reasons for refusing the application, nor do we think that his refusal would be any better supported if he had done so, since the law (C. P. 394) declares that "the judge cannot refuse to admit an intervention," etc., and, according to the rulings of this court, a petition of inter-

vention may be filed at any time prior to the trial; the questions whether an intervention should be dismissed on an exception as to the character of the interest shown or for other cause, or whether any delay should be allowed for service of citations being matters for the subsequent determination of the trial judge. Ikerd v. Postlewhaite, 36 La. Ann. 236; Garland's C. P. arts. 364, 389, et seq., and notes.

It is therefore ordered and adjudged that the ruling herein complained of be reversed, that the respondent judge be directed to permit the filing of the intervention tendered by relators herein through their attorney in fact Jules Laforest, and that further proceedings in relation thereto be allowed according to law and to the views hereinabove expressed.