O’NIELL, J.
This proceeding is in many respects like the case of Howell et al. v. Mundy, In re Fakier et al., applying for Writ of Mandamus, 145 La. 291, 82 South. 274.
Relator, who is defendant in a suit pending in the district court, asks that the judge be directed to recognize and respect his right to have his attorney in fact, Charles J. Mundy, who is authorized by a written power of attorney, to represent him, and to plead and defend the suit. The district judge refuses to receive or consider a petition or prayer for a trial by jury and for the fixing of the amount of bond to be furnished by defendant for the costs of the trial by jury, which petition or prayer for trial by jury was presented by the attorney in fact, Charles J. Mundy, in his answer to the suit.
The district judge, in answer to the rule issued herein, acknowledges relator’s right, un *47 der section 122 of the Revised Statutes and article 172 of the Code of Practice, and under the ruling of this court in the case of Howell v. Mundy, supra, to have an attorney in fact to appear in court and plead for him; hut the judge declines to receive or consider relator’s pleadings in this case, because the judge believes that Mundy is not a bona fide attorney in fact, that he is holding himself out as an attorney at law, though he has no license to practice law, and is undertaking to practice law generally, by means of powers of attorney obtained from each and every client or patron. The judge charges that Mundy is thereby violating an injunction which the court granted in the case of Howell v. Mundy, supra, and is violating a criminal statute, the Act No. 66 of 190S (p. 81), making it a misdemeanor to practice as an attorney at law without having obtained the license required by law. In support of his charge, the judge submits for our consideration what might be deemed relevant evidence in a criminal prosecution of Mundy for violation of the law, or in a contempt proceeding for violation of the decree rendered by the district court in the case of Howell v. Mundy. This case, however, is not a proceeding against Mundy for violation of the law or decree of the court. And we adhere to the opinion which we expressed in the case of Howell v. Mundy, that the right of the relator m this case, or any other case in which a party to a lawsuit is represented by an authorized attorney in fact, to be represented -by the attorney in fact, is not affected by the collateral question whether the attorney in fact is guilty of having practiced law without a license.
The rule issued herein is now made absolute, and the district judge is directed to act upon the relator’s petition or prayer for a jury trial in the case of Levi Brown v. Treville Guillot, and to recognize and respect relator’s right to be represented in court by his attorney in fact,