# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-83

SONYA J. WILLIAMSON

VERSUS

JAYSON M. BERGER, Ph.D.,M.D., ET AL.

********** 

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 983583
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**AFFIRMED.**

**COOKS J.  DISSENTS AND ASSIGNS
WRITTEN REASONS**

Nancy Jane Marshall
Janice M. Culotta
755 Magazine Street
New Orleans, LA 70130-3672
Counsel for Defendants- Appellees:
    Jayson M. Berger, Ph.D.,M.D., Lt. Gene Woods, and Nancy Victoria Vancouvering, Ph.D.

Peter C. Piccione, Jr.
P. O. Box 5150
Lafayette, LA 70502-5150
Counsel for Plaintiff-Appellant:
    Sonya J. Williamson

**PAINTER, J.**

The trial court dismissed Plaintiff's suit on the ground of abandonment, finding that interrogatories filed in the record were insufficient to interrupt the three-year period provided by La.Code Civ.P. art. 561 as they were not signed by the Plaintiff or an attorney representing the Plaintiff. Plaintiff appealed. For the following reasons, we affirm the dismissal on the ground of abandonment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case is but one "head"of a larger mass of litigation that has been referred to by the U.S. Court of Appeals for the Fifth Circuit as a "juridical Hydra."[1] This particular "head" arises out of an independent medical examination ordered by the Fifth Circuit. Sonya Williamson, through her attorney, Lawrence Smith, filed a petition for damages in state court alleging that she was injured during the course of an independent medical examination performed by Jayson M. Berger and Nancy Vancouvering. Lt. Gene Woods, who was hired by Berger to accompany him during the examination, was also named as a defendant. The petition alleges that the three defendants are solidarily liable. Mrs. Williamson was the only plaintiff.

After the petition for damages was filed in state court, Nancy Marshall, an attorney at Deutsch, Kerrigan & Stiles, filed a Notice of Removal on behalf of Berger and Woods. In that pleading, Marshall indicated that Berger had not yet been served with the original petition but had received notice of filing on August 5, 1998. Woods and Vancouvering were both properly served with the petition.

The matter was removed to federal court, and Marshall then filed a Motion for Extension of Time to File Responsive Pleadings on behalf of Berger, Woods, and Vancouvering. Marshall then filed a Statement of Material Facts, Motion to Dismiss

---

[1] See *St. Paul Mercury Ins. Co. v. Williamson*, 332 F.3d 304, 310 (5th Cir. 2003).

1

and/or Motion for Summary Judgment on behalf of Berger, Woods, and Vancouvering. The Plaintiff filed a Motion to Remand, which was eventually granted on January 19, 1999. Marshall then filed a Notice of Appeal relative to the remand on behalf of Berger, Woods, and Vancouvering.

After the remand was upheld on appeal, Marshall continued to file Motions for Extension of Time to File Responsive Pleadings on behalf of Berger, Woods, and Vancouvering. When an answer was filed on November 2, 1999, it was filed only on behalf of Woods and Vancouvering. No answer has been filed on behalf of Berger, and Marshall now claims that she does not now and has never represented Berger.

In any event, Mrs. Williamson's attorney died and she undertook self-representation. However, on March 6, 1990, Mrs. Williamson had signed a Power of Attorney in favor of her husband, Robert Williamson. This Power of Attorney gave Mr. Williamson the explicit authority to "[s]ue in PRINCIPAL's name and on PRINCIPAL's behalf as well as be sued on behalf of PRINCIPAL, including the right to appear before all courts of law on PRINCIPAL's behalf for all purposes . . ." and to "[r]epresent PRINCIPAL in any and all local, state, and/or federal court proceedings having to do with filing motions, lawsuits, and other proceedings."

The record shows that the deposition of Dr. Melville Wolfson was taken on December 13, 1999. The record further shows that interrogatories directed to Berger were filed in the record on August 8, 2002. These interrogatories were signed "IN PROPER PERSON" by Robert Williamson.[2] They were served on all three named Defendants through Marshall at Deutsch, Kerrigan & Stiles.

On April 3, 2003, an Ex-Parte Motion to Dismiss on Grounds of Abandonment was filed by Marshall on behalf of Woods and Vancouvering, alleging that the suit

---

[2] Mr. Williamson is neither a party to the instant suit nor an attorney licensed to practice in Louisiana.

was abandoned as of December 13, 2002, three years from the deposition of Dr. Wolfson. On April 9, 2003, an Order denying said motion was signed by the trial court. The filing of the interrogatories on August 8, 2002 was specifically noted in the denial of the motion.

On April 28, 2003, Marshall filed a Motion for New Trial on behalf of Woods and Vancouvering. Then, on July 21, 2003, Plaintiff filed a Motion for Preliminary Default against Berger. Said motion was signed by Sonya Williamson in proper person and was denied on the same day. Finally, on July 29, 2003, the trial court signed an Order granting Defendant's Motion for New Trial and Motion to Dismiss Due to Abandonment and dismissing all claims against Nancy Vancouvering, Ph.D. and Lt. Gene Woods. The trial court apparently reasoned that the interrogatories were not "a step in the prosecution" because Berger was not served with the original suit and because Robert Williamson had no standing to file any discovery on behalf of his wife since he was not an attorney and was not a party to the suit. On August 8, 2003, an Order granting Motion to Dismiss Due to Abandonment and dismissing all claims against Berger, which had been filed by Marshall, was signed by the trial court. Plaintiff appealed the dismissal of her suit, alleging three assignments of error: (1) the trial court failed to recognize that Plaintiff could be represented by her husband, Robert Williamson, through her power of attorney; (2) the trial court failed to recognize that counsel for Defendants, Marshall, did in fact represent the Defendant, Berger, and that in so doing, he waived service; and (3) the trial court failed to recognize that, with Berger having waived service, the filing of interrogatories by Plaintiff directed to Berger interrupted the three-year abandonment period.

3

## DISCUSSION

This is not simply an issue of whether Plaintiff's husband can represent her through a power of attorney because Mr. Williamson did not sign the interrogatories in such fashion. Instead, he signed them "IN PROPER PERSON" by Robert Williamson. There was no indication that he was signing them on behalf of his wife. Thus, the limited issue presented in this case is whether or not interrogatories propounded by a non-party, non-attorney to one party are effective to interrupt the three-year abandonment period provided by La.Code Civ.P. art. 561. We find that they are not and, therefore, do not reach the issues of whether Berger was represented by Marshall or whether Berger waived service, as these issues are mooted by our finding that Mr. Williamson's signature on the interrogatories was without effect. We affirm the ruling of the trial court for the following reasons only.

Mrs. Williamson had given her husband her power of attorney several years earlier, on March 6, 1990. Plaintiff now argues that this power of attorney gave her husband the right to sign the interrogatories on her behalf. Defendants, on the other hand, argue that while Mrs. Williamson may very well appear in proper person, she cannot be represented by her husband in court even with a signed power of attorney because this would amount to Mr. Williamson's practicing law without a license.

Before we reach that issue, we first note that La.Code Civ.P. art. 863 provides, in pertinent part, as follows:

A.  Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

. . .

C.  If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

4

In this case, Sonya Williamson was initially represented by Lawrence J. Smith, who signed the original petition filed July 31, 1998. Unfortunately, on December 14, 2001, Mr. Smith died, and Mrs. Williamson undertook her own representation in proper person.

The interrogatories at issue herein were signed "IN PROPER PERSON" by Robert Williamson. These interrogatories were directed to Berger and were filed in the record on August 8, 2002. Furthermore, the certificate of service indicates that the interrogatories were served on Berger, Woods, and Vancouvering through Marshall by certified mail. However, there was no indication that Mr. Williamson was signing on behalf of his wife pursuant to the power of attorney. Mr. Williamson is not a party to the suit. Mrs. Williamson is the sole plaintiff. Thus, we find that because these interrogatories were unsigned by either Mrs. Williamson or an attorney on her behalf as required by La.Code Civ.P. art. 863, they are null and void and service of these documents on the Defendants through Marshall did not constitute a step in the prosecution of the action such that the three-year abandonment period provided by La.Code Civ.P. art. 561 was interrupted. For example, in *Benjamin-Jenkins v. Lawson*, 00-958 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, *writ denied,* 01-1546 (La. 9/14/01), 796 So.2d 681, the court stated:

> because the interrogatories mailed to Ms. Jenkins were unsigned by Dr. Combs' counsel, they were null and void and thus service of these documents on Ms. Jenkins did not constitute a step in the defense of the action. While La. C.C.P. art. 561 is not designed to dismiss actions on mere technicalities, but to dismiss those in fact abandoned, we find that the lack of a signature on discovery pleadings mailed to other parties and not filed in the record renders those pleadings invalid. Therefore, the mailing of interrogatories to Ms. Jenkins was insufficient to interrupt the abandonment period.

We are mindful of the jurisprudence stating that La.Code Civ.P. 561 is "not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned." *Pecot v. Calcasieu-Cameron Hosp. Service Dist.*, 03-

5

1102, p. 5 (La.App. 3 Cir. 2/18/04), 867 So.2d 56, 61 *writ denied*, 04-719 (La. 5/7/04), 872 So.2d 1085. In this case, however, we find that the invalidity of the signature on the interrogatories is not a "mere technicality" because, even if Mr. Williamson had signed them in a representative capacity, we agree with the Defendants that this would amount to the unauthorized practice of law by Mr. Williamson. In this respect we are guided by La.R.S. 37:212, La.R.S. 37:213, and La. Atty. Gen. Op. No. 80-260 (3/3/80).

Louisiana Revised Statute 37:213 provides, among other things, that no natural person who has not been duly licensed and admitted to practice law shall render or furnish legal services or advice. La.R.S. 37:212 defines the practice of law as including, among other things, "the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state" in a representative capacity. This certainly encompasses Mr. Williamson's signing of the interrogatories at issue.

Furthermore, in considering the issue of whether an agent, if specially authorized, can act as an attorney in fact on behalf of another and opining that a non-attorney agent cannot act in a representative capacity at the trial of a rule on an eviction, the Louisiana Attorney General, in Opinion No. 80-260 (3/3/80), reasoned as follows:

> The only reported case in which the courts considered this issue *is Howell v. Mundy*, 145 La. 291, 82 So. 274 (1919). In that case, the Louisiana Supreme Court specifically found that appearance by a non-attorney, specifically authorized to act as an attorney in fact for another individual, did not constitute a violation of the provisions concerning the practice of law. In reaching its conclusion, the court noted that Section 122 of the Revised Statutes of 1870 specifically stated that a party to any suit pending before any court in the state:
>
> . . . shall have the right to appear and plead in person, or by their attorney at law, or in fact.

The court further noted that since the act concerning the practice of law was enacted by the legislature at a later date, and contained no repealer clause, it was necessary to construe the later legislation so as to give the greatest possible effect to each statute. However, subsequent to the court's decision in *Howell v. Mundy*, the legislature, by virtue of Act 202 of 1932, specifically repealed the provisions which formerly allowed a party to appear and plead as provided for by Article 122 of the Revised Statutes of 1870.

In any event, as stated in Opinion Number 77-1647, the Supreme Court has the inherent judicial authority to define what constitutes the practice of law. In *Meunier v. Bernich*, 170 So. 567 (1936), the court stated that this power also encompassed the power to regulate 'the unauthorized practice of law.' The court further stated that although the legislature may act to aid this power, it may not frustrate such power. Therefore, the final determinant of who is allowed to practice law in the courts of this state is the Supreme Court and not the legislature. Therefore, it is the opinion of this office that any legislatively-sanctioned rule which purported to allow someone other than an attorney at law to engage; in practices constituting the practice of law, would be invalid, absent approval by the Supreme Court.

We agree with that reasoning and, accordingly, we find that the last step in the prosecution or defense of this case was the December 13, 1999 deposition of Dr. Wolfson. This matter was abandoned as of December 13, 2001, and the trial court was correct in dismissing Plaintiff's suit.

**DECREE**

We do not reach the issue of whether Marshall represented Berger and do not find that the interrogatories directed to Berger were insufficient to interrupt the three-year abandonment period because Berger was an unserved defendant. Instead, we affirm the trial court's dismissal of the Plaintiff's suit on the grounds of abandonment because Robert Williamson had no standing to propound or file said interrogatories as he is neither a party to this suit nor an attorney and, thus, the interrogatories were ineffective to interrupt the three-year abandonment period. Costs of this appeal are assessed to Plaintiff-Appellant, Sonya Williamson.

**AFFIRMED.**

7

SONYA J. WILLIAMSON

VERSUS

JAYSON M. BERGER, Ph.D., M.D., ET AL.

COOKS, J., dissenting:

The majority affirms the trial court's dismissal of Plaintiff's suit finding the interrogatories filed by her husband was insufficient to interrupt the three-year abandonment period because her husband was neither a party to the suit nor an attorney. Although the husband provided proof that his wife signed a Power of Attorney granting him authority to act in her stead in pursuing the litigation, the majority in essence declares this instrument invalid and executed in contravention of the Louisiana Supreme Court restrictions governing the practice of law. Referencing La.R.S. 37: 212 and La.R.S. 37:213, the majority concludes that by signing the interrogatories at issue Plaintiff's husband engaged in the practice of law by filing a pleading in a court of record in this state in a *representative capacity*. The majority's conclusion is harsh and not in keeping with our jurisprudence consistently holding that La.Code Civ.P. art. 561 is not designed to dismiss actions on mere technicalities. Merely signing interrogatories pursuant to a grant of authority in a Power of Attorney is not the kind of conduct the Supreme Court has heretofore declared prohibited as the unauthorized practice of law. All the non-attorney cases addressing this issue by the Supreme Court involve individuals, who by virtue of a Power of Attorney, demanded compensation for their services or involved attorneys who, after disbarment or suspension, used the grant of authority to indirectly engage in activities that are traditionally performed by lawyers, licensed and in good standing.

The facts in this case disclosed that the plaintiff husband signed the interrogatories as follows: "IN PROPER PERSON" by Robert Williamson and it was served on all three named defendants. The "IN PROPER PERSON" notation indicates he was appearing on Plaintiff's behalf "IN PROPER PERSON." He was not appearing as her representative but *in her stead*. Certainly, he was not signing on his own behalf because the majority correctly notes he was not a party to the suit. There are no cases declaring that interrogatories propounded to opposing parties must be signed by an attorney-at-law in all instances or declaring that parties to a suit are prohibited from granting the power to a non-attorney to propound interrogatories in their stead. Apparently, the attorney that prepared the Power of Attorney in this case was not aware of this restriction and plaintiff had good cause to believe her husband had authority to act on her behalf.

Furthermore, the filing of the interrogatories *in fact* evidences that it was not the plaintiff's intent to abandon the suit. For these reasons, I respectfully dissent.