992 So.2d 523 (2008)
Robert and Bettye STILLMAN, Individually and on Behalf of their Deceased Son, Robert Stillman, Jr.
v.
BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; Edward R. Jackson, Chancellor of the East Baton Rouge Campus of Southern University and Agricultural and Mechanical College; State of Louisiana; Chief Flowers, Chief of Police; Southern University Campus Police Department; and Derrick Vernez Claville.
No. 2007 CA 2107.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*524 Chiquita P. Tate, Baton Rouge, Louisiana, for Plaintiffs/Appellants, Robert and Bettye Stillman, Individually, and on Behalf of Their Deceased Son, Robert Stillman, Jr.
James D. "Buddy" Caldwell, Attorney General, Bridget B. Denicola, Assistant Attorney General, Baton Rouge, Louisiana, for Defendants/Appellees, Board of Supervisors of Southern University and Agricultural and Mechanical College, Chancellor Edward R. Jackson, State of Louisiana, Chief Flowers, and the Southern University Police.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
In this case, the plaintiffs appeal a judgment dismissing their suit with prejudice for abandonment. We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Robert and Bettye Stillman, through their attorneys, Gregg L. Spyridon and Gina M. Mushmeche-Buras, filed a petition for damages on October 16, 2000 for the wrongful death of their son, Robert Stillman, Jr. Named as defendants were the Board of Supervisors of Southern University and Agricultural and Mechanical College, Chancellor Edward R. Jackson, the State of Louisiana, the Southern University Police Department, and Chief Flowers of the Southern University Police Department (collectively, "the Southern defendants"), and Derrick Vernez Claville.[1] Service was withheld on all defendants at the time the petition was filed. On December 29, 2000, Spyridon and Mushmeche-Buras withdrew as co-counsel of record and stated that they had notified their co-counsel, Randy A. Bryant of Miami, Florida, of their withdrawal by certified *525 mail. On January 2, 2001, an answer was filed by the Southern defendants.[2] The plaintiffs' first set of interrogatories and request for production of documents propounded on the Southern defendants was filed into the record on February 26, 2004. John F. Martin enrolled as counsel of record for the plaintiffs on April 8, 2004 and made a motion on the same date to have the matter set for status conference. Martin and William P. Bryan, III made a joint motion on November 4, 2004 for Martin to withdraw and Bryan to enroll as counsel of record, but the order attached to that motion was not signed by the court. Michael K. LeBlanc filed a motion to withdraw as plaintiffs' counsel of record on May 24, 2006, but this motion was denied by the court. Chiquita P. Tate enrolled as counsel of record for the plaintiffs on September 21, 2006. On February 14, 2007, Bettye Stillman filed a motion to proceed in forma pauperis, which was denied by the court, and the plaintiffs filed a motion to compel the Southern defendants to respond to their first set of interrogatories and first request for production of documents.
The Southern defendants filed a motion to declare the case abandoned in accordance with La. C.C.P. art. 561 on March 13, 2007, asserting that no steps were taken in the prosecution of the matter between January 2001 and April 8, 2004. The Southern defendants assert that although they received interrogatories and a request for production of documents from John F. Martin in June of 2003, this was not a step in the prosecution of the action because Mr. Martin was not counsel of record for the plaintiffs at that time and the written discovery was only sent to the Southern defendantsit was not served on Claville. After a March 26, 2007 hearing, the court declared the case abandoned as of January 2004 and dismissed the plaintiffs' suit with prejudice. The plaintiffs have appealed devolutively, assigning the following trial court errors:
1. The trial court erred in failing to recognize the discovery served on the Southern defendants on June 2, 2003 as a step in the prosecution of the case simply because it was propounded by an attorney who failed to enroll as counsel of record.
2. The trial court erred in recognizing Claville as a party to the suit when service was not effectuated on him within the ninety day time limitation for service of process.
3. The trial court erred in failing to recognize the June 2, 2003 formal discovery as a step in the prosecution of the action simply because one defendant, Claville, was not served with the discovery.
The Southern defendants filed a motion to strike certain portions of the plaintiffs' original brief on appeal. That motion is denied as moot.

DISCUSSION
Louisiana Code of Civil Procedure Article 561 governs abandonment of actions:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
...
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record ... shall be deemed to be a step in the prosecution or defense of an action.
*526 The Stillmans argue on appeal that Claville was not a party to the suit upon whom service of discovery would be required in order to take a step in the prosecution of the action because he was never served with the original petition. We disagree. Although Louisiana Code of Civil Procedure article 1201 requires that service of an original petition be requested upon all named defendants within ninety days of the commencement of the action, this requirement may be waived by the defendant if he does not object to the insufficiency of service of process. La. C.C.P. art. 1201(C). Dismissal is not automatic under the article. Thus, never having been dismissed, Claville was still a party to this action at the time the discovery request was mailed in June 2003, and the plaintiffs' failure to serve him with the discovery request prevents that discovery from being a step in the prosecution of the action.
Because we find that the Stillmans' discovery request was not a step in the prosecution of the action since it was not served on all parties as required by La. C.C.P. art. 561(B), we need not reach the plaintiffs' other assignment of error. However, we note that even if Claville had been served with the discovery, the fact that it was signed by an attorney who had not enrolled as counsel of record prevents it from being a step in the prosecution of the action.
To be a step in the prosecution, the discovery must be "formal discovery as authorized by this code." Louisiana Code of Civil Procedure article 1420(A) requires that all discovery requests be signed by an attorney of record if the party is represented by an attorney, or by the party himself if he is not represented by an attorney. If the discovery is not signed in accordance with the requirements of La. C.C.P. art. 1420(A), it shall be stricken and a party is not obligated to take any action with respect to the discovery request. La. C.C.P. art. 1420(C).
It is unclear whether the Stillmans were represented by counsel at the time the discovery at issue in this case was mailed. The motion to withdraw filed by Spyridon and Mushmeche-Buras stated that Randy A. Bryant was co-counsel of record, and there is no withdrawal by Bryant in the record. However, Bryant did not sign the original petition as counsel of record and there is no motion to enroll as counsel of record as required by rule 9.12 of the Louisiana Rules of Court. In any case, this discovery was not signed by Bryant or by the Stillmans in proper person; it was signed by another attorney who had no prior connection to the case and who had not enrolled as counsel of record as required by rule 9.12. Under La. C.C.P. art. 1420(C), this discovery had no effect, and did not constitute a step in the prosecution of the action. See, Williamson v. Berger, 05-83 (La.App. 3 Cir. 06/08/05), 908 So.2d 35.

DECREE
The Southern defendants' motion to strike is denied as moot. The judgment dismissing plaintiffs' suit for abandonment is affirmed. Costs of this appeal are assessed to the plaintiffs, Robert and Bettye Stillman.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs and assigns reasons.
While in some cases an attorney may be recognized as counsel of record despite a failure to file a formal motion earlier in the proceedings, I find it unnecessary to *527 decide said issue herein. Thus, I respectfully concur.
NOTES
[1] The Stillmans' son Robert Jr. was shot and killed by Claville outside of his dorm room on the Southern University campus on October 7, 1999.
[2] Although the Southern defendants filed an answer, there is no evidence in the appellate record of service of the petition on any of the defendants.